## McLENDON *vs.* DODGE & McKAY.

[ACTION ON FOREIGN JUDGMENT.]

1. *Presumption in favor of validity of foreign judgment.*—A transcript of a foreign judgment, rendered by a court of general jurisdiction at a special term, and properly certified under the acts of congress, is *prima-facie* evidence of a valid judgment, although the record does not affirmatively show a compliance with the statutory requisitions authorizing special terms: the courts of this State will presume, in the absence of evidence to the contrary, that the requisitions of the statute were complied with.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. E. W. PETTUS.

THIS action was brought by the appellees, and was founded on a judgment rendered by the superior court of Anson county, North Carolina, at a special term held on the 15th day of June, 1844. The defendant pleaded *nul*

*tiel record*, and issue was joined on the plea. The plaintiffs produced a transcript of the judgment, properly certified under the acts of congress, and a certified copy of a statute law of North Carolina authorizing the superior courts to hold special terms; and also proved the rate of interest in that State. The defendant then read in evidence a certified copy of another North Carolina statute, fixing the time for holding the regular terms of the superior court of Anson county. This was all the evidence in the cause. The court decided the issue joined on the plea of *nul tiel record* in favor of the plaintiffs, and charged the jury, on the evidence adduced before them, "that if they believed all the evidence, they must find for the plaintiffs." The defendant excepted to the rulings of the court, and he now assigns them as error.

E. C. BULLOCK, for the appellant, cited the following cases: Cullum v. Casey, 1 Ala. 351; White v. Riggs, 27 Maine, 114; Galusha v. Butterfield, 2 Scam. 227; Archer v. Ross, 2 Scam. 303; Wightman v. Karsner, 20 Ala. 446; Garner v. Carroll, 7 Yerger, 365; 6 Yerger, 395; Gunn v. Howell, 27 Ala. 663; Bates v. Merchants' Bank, 8 Porter, 99; Levert v. Planters' Bank, 8 Porter, 104; Owen v. Jordan, 27 Ala. 608; Comm'rs Court v. Thompson, 15 Ala. 139; S. C., 18 Ala. 696; Wyatt's Adm'r v. Rambo, 29 Ala. 510; Dunn v. The State, 2 Pike's (Ark.) R. 230.

JAS. L. PUGH, *contra*, cited Sparkman v. Daughtry, 13 Ired. 168; The State v. Ledford, 6 Ired. 5; 2 Scam. 269; 4 Scammon, 84; 19 Johns. 162; 5 Indiana, 1; 2 Nott & McC. 27; 12 Ohio, 16.

WALKER, J.—The judgment sued upon in this case purports to have been rendered at a special term of the superior court of law for Anson county in the State of North Carolina. It is contended, that the circuit court erred in treating the exemplification as evidence of a valid judgment, because it does not show that all the preliminary requisites to the holding of the special term, as

prescribed by the North Carolina statute, had been complied with. It was not proved or contended that those prerequisites had not been complied with, but that such compliance must be affirmatively shown by the record.

If the superior court of North Carolina was held at a time, or under circumstances, not authorized by the law, so as to render its judgments mere acts of judicial assumption, and therefore void, they would not constitute *records* of the court. The certificate must be considered as affording evidence that the judgment is of *record*, and therefore the act of a court, and not the act of a judge without authority to hold a court.—Dozier v. Joyce, 8 Porter, 303; Slaughter v. Cunningham, 24 Ala. 261. As well might it be required in every case, that a plaintiff suing upon the judgment of a sister State, which the record says was rendered at a regular term, should prove by a production of the statute that the law authorized the holding of the court at that time, as to require one suing upon a judgment rendered at a special term to show that the holding of the court at that particular time was authorized by the law. We must intend from the clerk's certificate, and the statement of the record that the judgment was rendered at a term of the court, in favor of the authority of the tribunal to sit at the time.

It is true that no intendment can be made in favor of the jurisdiction of a court of limited authority. But this principle has no application to the question here. The superior court of Anson county, North Carolina, did not become at its special term a court of limited jurisdiction. It remained a court of general jurisdiction, notwithstanding its session was held at an extraordinary time; and the courts must intend, in the absence of proof to the contrary, that the statutory prerequisites to the holding of the special term were complied with. The law is so settled in North Carolina, in reference to the very statute under which the special court which rendered the judgment here sued upon, was held.—Sparkman v. Daughtry, 13 Iredell's Law R. 168; State v. Ledford, 6 Iredell, 5.

The case of Dunn v. The State, 2 Ark. 230, where the question of the authority of the court to hold a special

term, came up on error, is entitled to no controlling influ-
ence in this case, where the judgment is collaterally
assailed. Whether we would follow the Arkansas decis-
ion, if the question arose here on appeal, we do not
decide, because the case does not present the point.

The judgment of the court below is affirmed.