# Kohn, Leberman & Co. *v.* Haas.

*Action on Foreign Judgment.*

1. *Plea denying jurisdiction of person, and replication averring subsequent appearance.*—In an action on a foreign judgment, the defendant pleaded that the court which rendered it had no jurisdiction of his person; to which plaintiff replied that, at a subsequent term of the court, defendant appeared, and moved to set aside the judgment on the same ground alleged in his plea, and that the court decided the motion against him; *held*, that the replication was demurrable because it did not aver facts which showed that the court had jurisdiction of the motion to set aside the judgment.

APPEAL from the City Court of Montgomery.
Tried before the Hon. THOS. M. ARRINGTON.

THORINGTON & SMITH, for appellants.

ARRINGTON & GRAHAM, *contra.*    (No briefs on file.)

COLEMAN, J.—Appellants brought suit in the City Court of Montgomery against J. C. Haas, upon a judgment recovered against him in a court of general jurisdiction in the city of Philadelphia, State of Pennsylvania. To the complaint the defendant filed his pleas setting up that the court in which the judgment was rendered was without jurisdiction of his person at the time of its rendition. The plaintiff, by his replication to the plea of the want of jurisdiction, showed that, at a subsequent term of the same court, the defendant moved the court to vacate and annul the judgment, the foundation of the present suit, upon the same grounds now set up in the pleas as a defense, and that after notice to the plaintiff in that suit, the question was adjudicated adversely to the motion. The defendant demurred to the replication of the plaintiff, for that the re-

plication failed to aver that the court had jurisdiction to hear and adjudicate the subject-matter of the motion; and also upon the further ground, that the replication failed to aver that the question was heard and adjudicated upon its merits. The court sustained the demurrer to plaintiff's replication, and the correctness of this ruling is the question for consideration.

In *Buchanan v. Thomason*, 70 Ala. 402, it was declared that the rule is well settled, that a court "is without power to alter, vary or annul final judgments or decrees after the close of the term at which they may have been rendered, unless it be mere clerical errors or omissions." It is equally well settled, that a court at any subsequent term may vacate and annul a judgment or decree which is void upon its face; but, if the invalidity of the judgment is not apparent on the face of the record, and can only be shown by matter extrinsic, or *dehors* the record (except in case one of the parties was dead at the time it was rendered), then the general rule applies, and the court is powerless over final judgments and decrees rendered at a former term.—*Johnson v. Glasscock*, 2 Ala. 522; *Carlisle v. Killebrew*, 89 Ala. 329; *Baker v. Barclift*, 76 Ala. 417; *Cox v. Jones*, 40 Ala. 297.

If the court had granted the motion, and vacated the judgment, we would presume in favor of the ruling of the court that the record proceedings showed upon their face that the court had no jurisdiction; and the presumption also arises from the refusal of the court to grant the motion, that upon the record proceedings *prima facie* the judgment was not void. It would not follow, however, from these presumptions, that the court had jurisdiction to hear evidence extrinsic of the record, and to determine from this evidence that the court had jurisdiction to determine the facts involved in the motion. In fact, it would require statutory authority to authorize the court to exercise such jurisdiction at a subsequent term.

We understand the foregoing to be a well settled rule at common law, and presumptively is the law in all the States of common-law origin. The reasons are stated forcibly, and with great clearness, in the case of *Pettus v. McClanna-han*, 52 Ala. 57. It is also settled, that we must presume in favor of the judgment rendered by a court of general jurisdiction of a sister State that the court had jurisdiction of the subject-matter adjudicated, until the contrary appears. *Slaughter v. Cunningham*, 24 Ala. 269; *Kingman v. Paulson*, 126 Ind. 507; 22 Am. St. Rep. 611. If it be apparent on the face of the record that the court did not have jurisdiction,

then no such presumption arises.—*Dozier v. Joyce*, 8 Por. 312; 24 Ala., *supra*; 22 Am. St. Rep., *Arthur v. Israel*, 383-7; *Blanton v. Carroll*, 86 Va. 537, 356; *Benefield v. Albert*, 132 Ill. 655; *Henderson v. Banks*, 70 Texas, 398.

It may be that the motion of defendant Haas, entered in the court of Common Pleas of Philadelphia, to vacate and annul the judgment rendered against him at a former term, was a direct attack upon the validity of the judgment; but we are of opinion that, at common law, the jurisdiction of the court to consider the motion was limited to facts apparent upon the face of the record proceedings. If the proceedings showed upon their face that the court which rendered the judgment did not have jurisdiction of the person of the defendant, it was within the power of the court to vacate and annul the judgment. We are furthermore of the opinion, that if the proceedings *prima facie* were correct, and the judgment upon its face regular, so that it required extrinsic evidence, matters *dehors* the record, if such were the real facts, to show that the court did not have jurisdiction of the person of the defendant; then, under the general principle, that a court has no power over its final judgments after the adjournment of the term at which they were rendered (except as herein above limited and qualified), the court did not have jurisdiction, in the absence of a statute, at a subsequent term, to adjudicate the question of fact presented by the motion of defendant to vacate and annul the judgment. The injured party might have redress in some other way.—*Croft v. Dexter*, 8 Ala. 770.

The question is directly presented, does the rule which raises the presumption that courts of general jurisdiction of sister States had jurisdiction over questions and matters adjudicated, prevail in cases where, in order to maintain the jurisdiction exercised, it is necessary to presume that the legislature of the sister State has by statute conferred that jurisdiction, and that the common law in this respect has been altered? or does the rule dominate that the common law is presumed to exist in our sister States, and that it is necessary in such cases to plead specially the statute of a sister State, showing that the common-law rule in this respect has been altered.

Applying the proposition to the case at bar: At common law, the court of Common Pleas did not have jurisdiction, at a subsequent term, to hear extrinsic facts, and determine therefrom the jurisdiction of the court. Was it the duty of defendant to plead negatively that there was no statute con-

ferring such jurisdiction, and prove his negative plea? or was it the duty of the plaintiff, in his replication to defendant's plea, to aver the statute giving the court jurisdiction? How is the defendant to establish his negative plea, if he pleads it? Must he bring before the court the entire system of legislation of the sister State? In the case of *Gunn v. Howell,* 27 Ala. 663, afterwards reported in 35 Ala. 144, and referring to *Mills v. Stewart,* 12 Ala. 94, it was held that, though garnishment proceedings were purely statutory, this court would presume that a judgment rendered in the courts of a sister State, upon such proceedings, acted within its jurisdictional authority. In the case of *Mills v. Stewart, supra,* p. 95, the court uses this language: "If, in point of fact, the tribunal had no jurisdiction either of the subject-matter or of the parties, it was competent for the plaintiff to have replied to it, and put the matter in issue." What would have constituted a sufficient replication in that case, is undecided. In the case of *Gunn v. Howell,* 27 Ala., the plea did aver generally that the court had jurisdiction, but it did not set out the statute conferring jurisdiction in such cases. The point was made, that the general averment, being a mere conclusion, was insufficient, and that the statute should have been specifically pleaded. The court seemed to consider it unnecessary to set out the statute in the plea, holding that in pleading it was not necessary to set out affirmatively the facts upon which the power and authority of the court to act depend ; but the rule was declared, that if the record introduced in evidence failed to show the facts which gave the court jurisdiction, or failed to show that the court determined for itself the jurisdictional fact, then the basis on which the right to the special remedy rests is wanting, and the whole proceeding void.

In that case, the record of garnishment proceedings introduced in evidence failed to show a jurisdictional fact; and this court held, that the judgment rendered by the court in Georgia was invalid for the want of jurisdiction, and that defendant's plea was not sustained. The case was retried, and is reported in 35 Ala. 162, but no new question pertinent to the present issue was decided. It would seem that the practice pursued on the trial of that case, and the conclusion of the court, was barely consistent with the general principle declared in the opinion itself. Why was it necessary for the defendant to introduce in evidence all the proceedings of the suit to judgment in the Georgia court, and also the statutes of Georgia authorizing the institution of garnishment proceedings, in order to sustain the validity of

[Smith v. Johnson.]

the judgment upon which he relied to support his plea, if its regularity and validity must be presumed from the fact of its rendition? If it was incumbent on the defendant to introduce in evidence the statutes of Georgia to support his plea, good pleading would seem to require that he aver them in his plea. If, instead of joining issue upon the plea of the defendant setting up the judgment in garnishment, the plaintiff had replied that there was no statute in Georgia authorizing a judgment in such proceedings, the attitude of the parties, and the condition of the pleadings, would be similar to that in which the defendant in the present case would be placed, if, instead of demurring to the defendant's replication, he had rejoined by averring that there was no statute of Pennsylvania which gave the court jurisdiction to hear the motion at a subsequent term. This would reverse the well-recognized principle and rule which requires that he who claims a right not based upon the common law, but under the law or statute of a foreign State, must set out or substantially state the law or statute under which he claims. We are of opinion plaintiff's replication was defective in not averring jurisdictional facts, and the court did not err in sustaining the defendant's demurrer to plaintiff's replication.

Affirmed.

THORINGTON, J., not sitting.