# Forbes v. Davis.

### *Assumpsit.*

(Decided May 14, 1914.   65 South. 516.)

1. *Judgment; Foreign; Force and Validity.*—Under Constitution and laws of the United States, the validity and effect of a judgment in another state is to be determined by the law of the state in which it was rendered.

2. *Same; Presumptions.*—When a properly authenticated judgment of a sister state is produced and it does not appear from the face of the properly certified transcript that the court was without jurisdiction to render the judgment, the presumption will be indulged prima facie that the court rendering it had jurisdiction to do so.

3. *Same; Actions on; Burden of Proof.*—Where the action was on a judgment rendered in another state, if the court rendering it had no power to refer the case to an auditor to hear and determine as fully as the court might do, the authenticated transcript showing that such was done, defendant should have set that fact up and produced evidence to overcome the presumption that jurisdiction had attached

4. *Same.*—If the judgment entry is insufficient in form under the law of the state in which the judgment was rendered, the burden was on defendant to assert and sustain that view.

5. *Same; Validity; Irregularity.*—A judgment cannot be impeached or qualified by irregularities or errors not jurisdictional in the proceedings leading up to the judgment in a foreign state.

6. *Same; Issues.*—Where the action is on a foreign judgment, the merits of the controversy are foreclosed by the judgment.

7. *Same.*—A judgment rendered by a court in another state is not affected by the name of the attorney of plaintiff written at the foot of the judgment in the minutes of the court, whether written there by himself as such attorney or by another.

8. *Evidence; Documentary; Foreign Judgment; Authentication.*—So far as the form of the certificate of authentication of a judgment

[Forbes v. Davis.]

rendered in another state as to its sufficiency, it is to be determined in reference to that prescribed by the court of the state rendering the judgment, and the judge's certificate that the clerk's attestation is in due form, is conclusive thereof.

8. *Same.*—The recitals of the transcript of the foreign judgment and the certification stated and considered, and it is held that the same contained sufficient recitals to entitle the judgment to full faith and credit, and that it was properly admitted in evidence in an action on such judgment, notwithstanding the certificates contained unwarranted statements in addition to those necessary for a proper authentication.

9. *Same.*—Where the certificate of the clerk to a judgment rendered in another state certified that the judgment was a matter of record in that court, it sufficiently appeared that it was an adjudication of that court.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by S. P. Davis against E. E. Forbes upon a judgment rendered by the city court of Floyd County, Georgia. Judgment for plaintiff and defendant appeals. Affirmed.

CARMICHAEL & WINN, for appellant. The court erred in admitting the transcript of the record of the city court of Floyd county, first, because the courts of Georgia are presumed to be common law courts until the contrary is shown.—*Henson v. Wall,* 20 Ala. 288; *Ellis v. White,* 25 Ala. 540; *Bradford v. Howell,* 42 Ala. 422; *Mahone v. Haddock,* 44 Ala. 92; *Corinth B. & T. Co. v. King,* 62 South. 720. Second, the court was without authority at common law to refer the matter to an auditor, and the subsequent proceedings based thereon are void.—Authorities supra, and *Sherwood v. Miller,* 37 Mo. App. 48; third, the transcript shows no judgment of the court but only the finding of the attorney for plaintiff.—*Bell v. Otis,* 101 Ala. 188; *Speed v. Coke,* 57 Ala. 209; 23 Cyc. 668, and fourth, because it is not a judgment but a mere memorandum signed by an attorney.—Authorities supra. The court erred in refusing

to strike from the certificate the fact that the judgment was in due form as provided by the laws of the state of Georgia, and that the judgment was entered upon the minutes, and that the minutes were signed by the judge of said court then presiding.—§ 3988, Code 1907; § 905, Rev. Stat. U. S.; *Henson v. Wall, supra;* *Sidney v. White,* 12 Ala. 728; 36 Cyc. 1240. On these same authorities the court erred in the other respects complained of.

A. LEO OBERDORFER, for appellee. This court takes judicial notice of the fact that the city court of Floyd county, Georgia, is a court of general jurisdiction.—*Slaughter v. Cunningham,* 24 Ala. 269; *Kohn v. Haas,* 95 Ala. 478. Under the full faith and credit clause of the United States Constitution, this court takes judicial notice of the law under which the judgment was obtained. —*Rae v. Hullbery,* 17 Ala. 572; *Peet v. Hatcher,* 112 Ala. 514; 11 Am. Dec. 779; 15 Kan. 277. It appears that the judgment was in all respects regular.—§§ 5339, 4581-2-3, 4595, 4049, Code of Georgia 1895. The transcript discloses the judgment of the court upon a verdict which is valid at common law.—*Bartlett v. Lang,* 2 Ala. 161; *Frazer v. Praytor,* 36 Ala. 691; *Crowley v. State,* 39 South. 220. The certificate of the judge that it is the judgment under the laws of his state is prima facie sufficient to render it admissible as evidence.— *Andrews v. Flacke,* 88 Ala. 294; *McRae v. Stokes,* 3 Ala. 401; *White v. Strother,* 11 Ala. 720.

McCLELLAN, J.—This action is by S. P. Davis against E. E. Forbes, and is grounded upon a judgment, in favor of Davis, against Forbes, rendered by the city court of Floyd county, Ga., on April 19, 1911.

Under the Constitution and laws of the United States each state is required to give full *faith* and *credit* to the

judgments of sister states. Such judgments are not, in a strict sense, foreign judgments; but the state in which the properly authenticated judgment of a sister state is pleaded or offered in evidence is obliged by the federal mandate to accord to such judgment the faith credit, and respect that would be accorded it in and by the courts of the sister state in which such judgment was rendered. The validity and effect of such a judgment must be determined by the law of the sister state in which it was rendered.—23 Cyc. pp. 1544-44, and authorities collated in notes thereon. When a properly authenticated judgment of a sister state is presented to a court of this state, and a want of jurisdiction in the court of the sister state to render the judgment so authenticated does not appear upon the face of the properly certified transcript, it will be presumed prima facie that the court rendering such judgment had complete jurisdiction to do so.—*Mills v. Stewart,* 12 Ala. 90; *Lucas v. Bank of Darien,* 2 Stew. 280, 306-311; *Gunn v. Howell,* 27 Ala. 663, 674, 62 Am. Dec. 785; *Dozier v. Joyce,* 8 Port. 303, 312; *McLendon v. Dodge,* 32 Ala. 491; *Slaughter v. Cunningham,* 24 Ala. 261, 269, 60 Am. Dec. 463; *Kohn v. Haas,* 95 Ala. 479. In *Bogan v. Hamilton, supra,* it was expressly ruled that, though the jurisdiction of the court of a sister state (Georgia, in that instance) rendering the judgment, properly authenticated under the federal laws, was special, limited in the premises, yet the courts of this state "are bound to presume that it legally possessed jurisdiction over the subject-matter upon which it professed to adjudicate, until the contrary is made to satisfactorily appear." We take this doctrine to be settled here, notwithstanding the merely apparent criticism of *Mills v. Stewart* and *Gunn v. Howell, supra,* in the case of *Kohn v. Haas, supra,* a decision that involved a matter of pleading only,

and *that* as affected by the inconvenience of negative averments.

The sufficiency, in respect of form, of the certificate of authentication made by the clerk (custodian of the records) of the court rendering the judgment is to be determined with reference to that prescribed for the court of the sister state rendering the judgment, and "the certificate of the judge that the clerk's attestation is in 'due form' is conclusive evidence thereof."—*Andrews v. Flack,* 88 Ala. 294, 300, 6 South. 907, 908.

"The certificate and seal which gives verity to the record establishes as well the right of the court to adjudicate the matter contained therein (unless, indeed, the record itself discloses the want of jurisdiction) as that such facts were in truth adjudicated."—*Slaughter v. Cunningham, supra.*

"The certificate must be considered as affording evidence that the judgment is of *record,* and therefore the act of a court, and not the act of a judge without authority to hold a court."—*McLendon v. Dodge, supra.*

The transcript authenticated by the certificates of the clerk and the judge of the city court of Floyd county, Ga., discloses the institution of an action on an account by Forbes against Davis, service of summons, issued by the clerk of the court, on Davis on February 27, 1900, answer by denial of liability by Davis, and claim by him for judgment against Forbes upon cross-demand, filed March 30, 1900. The certified transcript also contains the following:

"On motion, the within stated case is referred to Max Meyerhardt as auditor, and said auditor is authorized and empowered to hear and pass upon the evidence, and upon the law, and to allow amendments, and to fully hear and determine the case upon the law and facts as the court might do, and the auditor is requir-

ed to make his report to the next term of this court as to his finding upon the law and the facts. Sept. 6, 1900. [Signed] John H. Reece, J. C. C. F. C.

"It is ordered that S. P. Davis pay of the auditor's fee $25.00, and the whole fees of the auditor shall not exceed $37.50.

"October 29, 1900."

It further appears from the certified transcript that the auditor, on October 3, 1905, allowed Forbes' amendment of his petition. It further appears from that transcript that the auditor made his report on December 2, 1909, and that it was entered on the minutes of the said court April 19, 1911, immediately following which this appears:

"We, the jury, find in favor of the auditor's report. C. O. Walden, Foreman."

The following, in its order, also appears in the certified transcript:

"April 18, 1911. Whereupon it is considered, ordered, and adjudged that S. P. Davis, defendant, recover of E. E. Forbes the sum of $610.00, principal sum, $670.-40, interest to this date, and future interest at seven per cent. per annum until paid, and all costs in this case. April 19, 1911. M. B. Banks, Attorney for S. P. Davis."

We quote the substantial parts, omitting formal parts of the certificates purporting to be made by the clerk and the judge of that court:

"I, John H. Reece, do hereby certify that the city court of said county is a court of record; that I am the presiding judge of said court, and was on April 19, 1911; that D. W. Simmons is the clerk of said court; that said court has a seal; and that the above and foregoing attestation of said clerk is in due form, and that his signature is genuine. I further certify that the

judgment appearing on page (19) nineteen of the fore-
going exemplification was signed in open court, and is
in due form as provided by the laws of said state of
Georgia, and that said judgment was entered upon the
minutes of said court on April 19, 1911, and that I,
as the presiding judge of said court, signed said min-
utes, as provided by law."

It is manifest that the application of the established
doctrines which we have hereinabove reiterated requir-
ed the admission in evidence of the transcript so au-
thenticated.  If the Georgia tribunal was without pow-
er to proceed in the cause through the broad reference
thereof there made to an auditor, the defendant (ap-
pellant) should have asserted the fact and adduced his
evidence to sustain his contention, and thereby have
overcome the presumption which our courts must in-
dulge under such circumstances, though, in due cau-
tion, it should be said that irregularities or error, not
jurisdictional, in the proceedings leading up to a duly
authenticated judgment of a sister state cannot avail
to impeach or qualify the judgment of the sister state,
and that the merits of the controversy are foreclosed
thereby.—23 Cyc. pp. 1544, 1545, 1553, and notes.

The interposition of the name of Davis the attorney
at the foot of the judgment of April 19, 1911, whether
set out in the minutes of the court by him as such at-
torney or by another, was and is without effect to im-
pair the judgment of the court entered on the minutes
preceding it.

The criticism, for appellant, that the entry of April
19, 1911, does not aver that it was the adjudication of
the *court* is answered in the negative by the appropriate
certification by the clerk that it was a matter of *record*
in the court in that proceeding, necessarily affirmative
that the entry was an expression of the court in the

premises as was pointedly ruled in *McLendon v. Dodge,* 3 Ala. 493.

If the judgment entry was insufficient in form (its purpose being manifest upon its face) under the laws of Georgia, it was the defendant's obligation to assert and sustain that view. It was not attempted.

The certified judgment of the Court of Appeals of Georgia (8 Ga. App. 560, 69 S. E. 1132), of date January 24 or February 7, 1911, *reversing* a judgment of the city court of Floyd county in the case of *Forbes v. Davis,* preceded the judgment sued on, and must be taken as not reflecting upon the judgment here sued on. And the same observation may be made with reference to the judgment of remittitur and for costs, entered in the Floyd county city court on March 25, 1911.

If it were assumed (for the present occasion only) that the certificates of the clerk and of the judge of the city court of Floyd county, Ga., authenticating the judgment of April 19, 1911, contained unwarranted affirmatives in adition to those that proper authentication authorities, and these affirmatives were stricken, the transcript mentioned would still contain all-sufficient recitals to bring into effect the federal mandate to which this court has long yielded a due respect.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.