(81 South. 842)

LOUISVILLE & N. R. CO. v. McWILLIAMS.
(8 Div. 610.)

(Court of Appeals of Alabama.   April 22, 1919.)

1. JUDGMENT &⚏949(3) — PLEADING JUDGMENT AS DEFENSE—JURISDICTION.

In pleading, as a defense, a judgment rendered in court of limited jurisdiction, it is the general rule that jurisdiction must be affirmatively shown.

2. EVIDENCE &⚏35 — STATUTES &⚏281 — JUDICIAL NOTICE—PLEADING.

The courts will not take judicial notice of the statutes of another state; so, where a judgment of a justice of the peace of a foreign state was relied on, it is necessary, in pleading the same, to plead the statute giving the justice jurisdiction.

3. JUDGMENT &⚏949(3)—PLEADING FOREIGN JUDGMENT AS DEFENSE—SUFFICIENCY.

A general averment that under named statutes a foreign justice had jurisdiction is not a sufficient allegation of the statute law of the foreign state to show the jurisdiction of the justice, and a demurrer is properly sustained to a plea setting up the judgment as a defense.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by George McWilliams against the Louisville & Nashville Railroad Company on account for work and labor done. From a judgment for plaintiff, defendant appeals. Affirmed.

Eyster & Eyster, of Albany, for appellant. Wert & Lynne, of Decatur, for appellee.

SAMFORD, J.  Assignments of error 3, 9, 14, 15, and 17 are addressed to the rulings of the court in sustaining demurrers to pleas 4 and 9, as originally filed and as amended. These pleas sought to set up as a defense to the action a judgment in a justice of the peace court of Kentucky, in a suit wherein plaintiff was defendant and defendant was the garnishee, recovery of a judgment in said justice of the peace court for $31.25 against plaintiff (appellee here), a judgment of condemnation against moneys owing by garnishee (appellant here), and a payment of the judgment by appellant in satisfaction of the justice of the peace judgment.

There were numerous grounds of demurrer interposed to these pleas, but it will be unnecessary for us to pass upon all of them. In plea 4 there was no allegation as to the jurisdiction of the justice of the peace court, and in plea 9 this jurisdiction was alleged as follows:

"That under sections 1088, 1092, and 1086, of Kentucky Statutes 1909, and section 715, Kentucky Code, Revised, the said Frank Docher (J. P.) had jurisdiction of the cause of M. Victor v. George McWilliams (L. & N. R. R. Co., Garnishee)."

[1-3] In pleading a judgment rendered in a court of limited jurisdiction, the general rule is that jurisdiction must be affirmatively shown. And, as a court will not take judicial knowledge of the laws of another state, it is necessary, in pleading a foreign justice's judgment, to plead the statute which gives the justice jurisdiction. 21 R. C. L. 460. The

general averment that under certain statutes of Kentucky the justice had jurisdiction, without pleading the statutes themselves, is not a sufficient allegation. Van Etten v. Hurst, 6 Hill (N. Y.) 311, 41 Am. Dec. 748; McNitt v. Turner, 16 Wall. 352, 21 L. Ed. 341; Kohn et al. v. Hass, 95 Ala. 478, 12 South. 577. The foregoing rules are supported by an unbroken line of authorities cited in support of the text in 21 R. C. L. p. 438. On these grounds, if for no others, the demurrers to pleas 4 and 9 as originally filed and as amended were properly sustained.

The foregoing are all the errors insisted upon in appellant's brief, and hence the other assignments are waived.

There is no error in the record, and the judgment is affirmed.

Affirmed.