(128 So. 115)

## FREYBURGER v. ADKINS.
### 8 Div. 827.

Court of Appeals of Alabama.
April 22, 1930.

Griffin & Ford, of Huntsville, for appellant.

(128 So. 120)

David A. Grayson, of Huntsville, for appellee.

## GRIMES v. STATE.

### 4 Div. 583.

Court of Appeals of Alabama.

April 22, 1930.

RICE, J.

The facts in this case, as stated by counsel for appellant, in their brief filed here, and, which statement seems to be borne out by the record, are substantially as follows:

"Appellant, plaintiff in the Court below, brought this suit in the Circuit Court of Madison County against F. G. Adkins to recover on a judgment entered in the Municipal Court of Chicago, Illinois, for the sum of One Hundred Eighty-one and 12/100 ($181.12) Dollars. The case was tried upon issue joined on the defendant's plea of general issue in short by consent. On the trial of the cause, the plaintiff introduced the exemplification of the record of the judgment procured in the Municipal Court of Chicago and rested. The defendant endeavored to prove fraud in the procurement of the judgment. The jury returned a verdict in favor of the defendant."

This statement is not questioned by appellee.

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." United States Const. art. 4, § 1.

A properly authenticated judgment of a sister state is entitled to the faith, credit, and respect that would be accorded it in and by the court in which such judgment was rendered. 34 Corpus Juris pp. 1125, 1127, §§ 1602 and 1603; Forbes v. Davis, 187 Ala. 71, 65 So. 516.

"A judgment rendered by a competent court, having jurisdiction, in one state, is conclusive on the merits in the courts of every other state, when made the basis of an action or defense, and the merits cannot be reinvestigated." 34 Corpus Juris p. 1132, § 1608; Forbes v. Davis, supra.

"A judgment by confession is as conclusive as one rendered on a trial." 34 Corpus Juris 1133(4), § 1609.

The authorities we have cited hereinabove seem conclusive to the effect that, in suits such as that represented by this appeal, it is error (and, of course, prejudicial) to allow evidence, over timely and proper objection, which has for its purpose establishing a defense to the merits of the claim made in the suit resulting in the judgment, which judgment is the basis of the present suit. For the several errors committed in this regard by the trial court, the judgment here appealed from is reversed, and the cause remanded.

Reversed and remanded.