This is an appeal from the granting of a motion to dismiss with prejudice an action for declaratory judgment.
Plaintiff brought suit in DeKalb County against Clinic Masters, Inc., a Colorado Corporation, alleging a written contract between the parties executed in 1970. The complaint alleged certain terms and conditions of the contract, and that certain of the benefits stated therein to flow to plaintiff were misrepresented and false and were useless and of no value when supplied to plaintiff; that plaintiff relied on the representation, executed the contract and had paid to defendant under the terms of the contract over one-third of the total amount due to be paid thereunder; that Clause 11 of the contract provided that the laws of Colorado should govern its interpretation and construction and that El Paso County, Colorado was deemed to be the place of execution of the contract and to have exclusive venue and jurisdiction in the event of litigation. Plaintiff then asked the court to declare Paragraph 11 null and void; that the entire contract be rescinded and defendant be required to return the money paid to it by plaintiff. A copy of the contract was attached to the complaint as an exhibit.
Plaintiff obtained service upon defendant by certified mail alleging jurisdiction under Rule 4.2 (a)(2)(B), ARCP.
Defendant through its attorney filed a motion to dismiss stating as grounds: (1) the lack of venue and personal jurisdiction of defendant as shown by Paragraph 11 of the contract and recited in the complaint; (2) there was pending an action on the contract commenced by defendant against plaintiff in the District Court of El Paso County, Colorado prior to the institution of this suit. An amendment to the motion was subsequently filed, supported by affidavit of the attorney who brought the suit in Colorado. The motion to dismiss was first denied on August 22, 1977. A motion to set aside the denial was filed on September 1, 1977 and was set for hearing on the 14th of December, 1977. The hearing was reset for January 10, 1978. We find no order setting aside the denial of dismissal, but find another amendment to the motion to dismiss filed July 26, 1978. That amendment contained a duly certified copy of a judgment of the District Court of El Paso County, Colorado, dated September 23, 1977. That judgment specifically found jurisdiction of plaintiff due to his having executed the contract in Colorado and due to the provisions of Paragraph 11 consenting to venue and jurisdiction. The judgment further stated that plaintiff was personally served in DeKalb County, Alabama, in accordance with the statutes of Colorado; that default judgment was entered against Dr. Hester and evidence taken supporting a judgment against him under the contract in the amount of $6,462.34 plus interest and costs. Based upon the judgment of Colorado, defendant urged dismissal on the ground of res adjudicata.
The motion to dismiss was set for hearing on December 13, 1978. The plaintiff filed a response containing allegations of law and unsworn fact, but without supporting affidavit or exhibit. After hearing and consideration, the motion to dismiss was granted without statement of a ground. If any ground urged in the motion to dismiss is valid, we will affirm and look no further. Locke v. Locke, 291 Ala. 344, 280 So.2d 773 (1973).
We will first determine if Paragraph 11 of the contract is a valid ground for dismissal. The parties to the contract were residents of different states. They agreed that jurisdiction of litigation would only be in the courts of Colorado. The courts of Colorado certainly had subject matter jurisdiction without any agreement. Though we find no decisions in Alabama *Page 917 
holding such provisions in a contract invalid, it must be recognized that no agreement between parties may oust the jurisdiction of either person or subject of an Alabama court.Stokes v. Moore, 262 Ala. 59, 77 So.2d 331 (1955). However, it appears to be the better rule that if an agreement is freely made by the parties such as that contained in Paragraph 11 of the instant contract, another court which has jurisdiction and proper venue should decline to proceed with an action unless it is shown that to enforce the agreement would be unreasonable at the time of the litigation. Central Contracting Co. v. C.E.Youngdahl Co., 418 Pa. 122, 209 A.2d 810, 816; Furbee v.Vantage Press, Inc., 464 F.2d 835 (1972). The burden of establishing the unreasonableness of the enforcement of the provision is upon the plaintiff when the issue is raised by a motion to dismiss. Central Contracting Co. v. Maryland CasualtyCo., 367 F.2d 341, 345 (3d Cir. 1966). The fact that an action had already begun and been concluded by judgment in the agreed jurisdiction must be an element for consideration of the aspect of reasonableness, even without consideration of the defense of res adjudicata.
The courts of this state have recognized and enforced contractual agreements as to venue of prospective actions so long as there was subject matter jurisdiction. Hines v. Hines,203 Ala. 633, 84 So. 712 (1920); Chandler v. Hardeman,12 Ala. App. 572, 68 So. 525 (1915).
Defendant provided affidavit and exhibits in support of its motion to dismiss. Plaintiff admitted the truth of the evidence and offered no showing that the enforcement of his agreement was unreasonable. Having failed to carry his burden of proof, plaintiff does not show error in the granting of the motion to dismiss.
We pretermit consideration of whether defendant could present the affirmative defense of res adjudicata as a ground of a motion to dismiss. However, we observe that defense was also presented by defendant by answer and supported by a certified copy of judgment. Jurisdiction of the Colorado court is stated on the face of the judgment. The judgment of a court of a sister state having jurisdiction of subject and persons is due full faith and credit in Alabama. United States Constitution, Art. 4, Sec. 1; Zajac v. Zajac, 49 Ala. App. 637, 275 So.2d 154;cert. denied, 290 Ala. 372, 275 So.2d 159 (1972). In view of the admission by plaintiff that such judgment exists and his failure to support his claim of want of jurisdiction in the Colorado court, it would appear that surely at some point in the proceeding, defendant would be due summary judgment or judgment on the pleadings.
We also pretermit discussion of whether service upon defendant by certified mail under Rule 4.2 (a)(2) was sufficient.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.