These two parties were married in 1952. They were divorced in Missouri in June, 1969. Both parties were before the Missouri court, which awarded custody of the couple's five children to the wife and ordered the husband to pay monthly payments of $175 per child to support the children and $175 each month as alimony.
In December, 1979, the wife filed a petition in the Missouri court which granted the divorce, asking the court to enter a judgment for the amount of child support and alimony then in arrearage. The Missouri court entered judgment in the amount of $36,216.19. The wife then brought this action in the Montgomery circuit court to enforce the Missouri judgment. The husband answered, saying the Missouri judgment was not entitled to full faith and credit because he had no notice of the proceedings had in Missouri which resulted in a judgment for the amount in arrears. He concedes that Missouri law was complied with; he contends simply that the Missouri judgment is invalid as a matter of law because it was rendered without notice to him.
The trial court granted summary judgment in favor of the wife, holding that she "has a valid court judgment" and finding that "the Missouri court properly entered judgment against the defendant in that it retained jurisdiction over the parties in matters concerning child support and alimony granted in the divorce decree, and it is the conclusion of this court that full faith and credit is due that judgment. . . ." The court decreed that "judgment be . . . entered in favor of the plaintiff." We affirm that decree.
The Constitution of the United States, Article IV, Section 1, requires that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state." The judgment of the court of another state having jurisdiction of the subject matter and persons is entitled to full faith and credit in Alabama courts. Hester v. ClinicMasters, Inc., 371 So.2d 915 (Ala.Civ.App. 1979), cert. denied,371 So.2d 917 (Ala. 1979). The validity and effect of a foreign judgment, of course, are to be determined by the law of the state in which it was rendered. Forbes v. Davis, 187 Ala. 71,65 So. 516 (1914).
Under the law of Missouri, support and alimony decrees are enforceable by all remedies available for the enforcement of a judgment, Revised Missouri Statutes, § 452.325.5.
The terms of maintenance and child support agreements, unless unconscionable, are decretal to be incorporated within the decree unless the agreement expressly provides otherwise. Hopkins v.Hopkins, 591 S.W.2d 716 (Mo.App. 1979). Thus, maintenance and child support decrees may be enforced by a levy of execution or other available remedies, In re Marriage of Haggard,585 S.W.2d 480, 481 (Mo. 1979). Such enforcement of a preexisting decree by a court holding continuing jurisdiction requires no new notice to the party in arrears on maintenance or child support payments in order to be valid.
Thus, the wife here could execute on the original decree in Missouri without having it first reduced to a lump sum judgment. Of course, the husband would be entitled, as the Missouri court expressly held in the judgment entered in this case, to show any defenses or set-offs that he might have. He is likewise entitled to show in Alabama any defenses which would be available to him if execution on the judgment were being sought in Missouri. He has not offered a defense or set-off and has not shown that any amount has been paid which was improperly included in the lump *Page 952 
sum judgment. Instead, he relies solely on his contention that the Missouri judgment is invalid under the due process clause of the Fourteenth Amendment to the Constitution. In this, he is wrong and the trial court correctly held that the Missouri judgment was valid and enforceable in Alabama.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, and BEATTY, JJ., concur.