The plaintiff sued the defendant on a foreign judgment. After an ore tenus hearing, the trial court entered judgment for the defendant. The plaintiff appeals and we reverse and remand.
The plaintiff, through able counsel, in effect contends the trial court erred in allowing the defendant to attack the foreign judgment.
Viewing the record with the attendant presumptions the following is revealed:
The instant action arose out of a bill for insurance premiums owed by a corporation, Polk and Walser Contractors, Inc., to the plaintiff, Tongue, Brooks Company, Inc. In 1978, the plaintiff sued Charles Polk individually in Baldwin County Circuit Court for approximately $11,000, the entire debt owed by Polk and Walser Contractors to the plaintiff. That action was settled out of court in 1979 when Polk agreed to pay the plaintiff $5,000 as payment for the debt owed by the Polk and Walser corporation.
Thereafter, in April, 1980, the plaintiff obtained a judgment in the Superior Court of Baltimore City, Maryland, against defendant Robert Walser for apparently the same debt owed by Polk and Walser Contractors. The amount of the judgment was $9,842. The Maryland judgment was never satisfied. In July, 1980, the plaintiff sued upon the foreign judgment in Baldwin County Circuit Court.
At the trial on the plaintiff's claim, Charles Polk and his attorney testified on behalf of the defendant, stating that the 1979 settlement between Polk and the plaintiff was considered to be full payment of any debt owed by Polk and Walser Contractors to the plaintiff either as a corporation or individually. Further, the defendant entered into evidence a check in the amount of $5,500 drawn by Polk and made payable to his attorney. A notation on the check read: "Full Settlement-payment to Tongue, Brooks by Polk Walser Contractors, Inc."
Based on this evidence, the defendant contends that, having elected to sue Polk individually on the Polk and Walser debt and then settling with Polk for the entire debt, the plaintiff was barred from suing upon the Maryland judgment obtained subsequent to this settlement. We disagree.
The judgment of a court of a sister state having jurisdiction of subject and persons is due full faith and credit in Alabama. U.S. Const., art. 4, § 1; Hester v. Clinic Masters, Inc.,371 So.2d 915 (Ala.Civ.App.), cert. denied, 371 So.2d 917 (Ala. 1979). Full faith and credit prohibits an inquiry into the merits of the original cause of action. Forbes v. Davies,187 Ala. 71, 65 So. 516 (1914).
The argument made by the defendant would require us to examine the merits of the action upon which the Maryland judgment was rendered. Specifically, the Maryland judgment establishes that the defendant is indebted to the plaintiff for $9,842. The defendant claims he is not indebted to the plaintiff because of the prior settlement between the plaintiff and Polk on allegedly the same debt which was the subject of the Maryland judgment.
The defendant's contention in this action clearly goes to the merits of the cause of action decided by the Maryland court. As indicated above, Alabama must give full faith and credit to the Maryland judgment if the Maryland court had proper jurisdiction of the parties and subject matter involved in the claim. Thus, we are prohibited from considering a defense which goes to the merits of the foreign judgment. Our holding should not be understood as preventing the defendant, upon remand, from presenting any proper defenses available to him. *Page 91 
In view of the above, this court has no alternative but to remand to the learned trial judge for a determination based upon proper considerations.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.