Diplomat National Bank (the Bank) filed suit in the Circuit Court of Madison County to recover on a Maryland judgment entered in favor of the Bank against Lincoln Teng (Teng), individually, and trading as Scholars Fortune Store (SFS). The trial court entered judgment for the Bank and we affirm.
Teng appeared pro se in the action below and in this appeal. His response to the Bank's complaint was to assert that the Alabama court's jurisdiction over the Maryland "collaterals" — the goods pledged as collateral for the loan which was the subject of the Maryland action — was questionable, and to counterclaim for losses caused by the Bank. He subsequently alleged that the Bank was no longer an existing entity, having been bought out by another entity, but he offered no evidence to support this assertion other than hearsay.
The jurisdiction of the Alabama court does not pertain to the "collaterals" in Maryland, but to the Maryland judgment itself.
 "The Constitution of the United States, Article IV, Section 1, requires that `full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state.' The judgment of the court of another state having jurisdiction of the subject *Page 1203 
matter and persons is entitled to full faith and credit in Alabama courts. Hester v. Clinic Masters, Inc., 371 So.2d 915 (Ala.Civ.App. 1979), cert. denied, 371 So.2d 917 (Ala. 1979). The validity and effect of a foreign judgment, of course, are to be determined by the law of the state in which it was rendered. Forbes v. Davis, 187 Ala. 71, 65 So. 516
(1914)."
Morse v. Morse, 394 So.2d 950, 951 (Ala. 1981).
Teng has made no attack on the validity of the Maryland judgment; indeed, he signed a consent judgment in that action for the full amount of the Bank's claim. If the judgment of a sister state is properly authenticated and produced at trial, as in the case at bar, it must be presumed that the court rendering the judgment had jurisdiction to do so. The burden is upon the party challenging the judgment to assert lack of jurisdiction and to produce evidence to overcome the presumption. Hajovsky v. Hajovsky, 276 Ala. 77, 159 So.2d 194
(1963); Forbes v. Davis, 187 Ala. 71, 65 So. 516 (1914). The trial court gave Teng every opportunity to produce any evidence he wished, and the record reflects no offer of evidence attacking the jurisdiction of the Maryland court or the validity of its judgment.
The counterclaim which Teng attempts to assert stems from the judgment and proceedings in the Maryland action. "Full faith and credit prohibits an inquiry into the merits of the original cause of action." Tongue, Brooks Company, Inc. v. Walser,410 So.2d 89 (Ala.Civ.App. 1982); Forbes v. Davis, supra.
Teng argues that his damages arose after the Maryland decision when an attorney for the Bank warned the manager of SFS, Edward Richardson, not to sell anything from the store. He rests his cause of action on
 "the capriciousness of [the Bank's] action and/or inaction in obtaining court orders for repossessing the collaterals and giving severe warning to SFS store manager, Edward Richardson on one hand, regarding selling the collaterals, including even the stocks, and on the other hand, [the Bank] itself never took the action of repossession and auction, causing SFS business to idle and suffer losses until its demise."
Teng failed to produce any evidence of these assertions other than an affidavit of Richardson to which the court sustained the Bank's objection that it contained only hearsay. Even if the affidavit had been admitted into evidence, Teng would have failed to meet his burden of proving his case. The burden of proving facts on which a claim is based rests on the party claiming rights or benefits therefrom. Ex parte Acton, 283 Ala. 121, 214 So.2d 685 (1968). Teng failed to produce any admissible evidence which would entitle him to any relief.
In sum, Teng presented nothing to the court below in pertinent opposition to the Bank's suit to enforce its Maryland judgment, nor does he assign any cognizable errors for our review. The trial court properly granted judgment for the Bank. The judgment below is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.