BRYAN, Judge.
 

 Cambria, Inc., appeals from an order setting aside a domesticated default judgment entered by a Minnesota District Court against Worldwide Custom Materials, Inc. (“Worldwide”), Alan R. Bramlett, and Don R. Groves. We reverse and remand.
 

 In 2007, Cambria sued Worldwide, Bramlett, and Groves in the District Court for LeSeur County, Minnesota (“the Minnesota court”), seeking to recover a debt Worldwide, Bramlett, and Groves allegedly owed Cambria. When Worldwide, Bramlett, and Groves failed to answer Cambria’s complaint or otherwise defend the action, Cambria moved the Minnesota court for a default judgment. On July 18, 2007, the Minnesota court entered a default judgment in the amount of $46,270.42 against Worldwide, Bramlett, and Groves.
 

 On February 19, 2008, Cambria, pursuant to the Uniform Enforcement of Foreign Judgments Act (“the UEFJA”), codified at § 6-9-230 et seq., Ala.Code 1975, filed a “Notice of Filing of Foreign Judgment” in the Madison Circuit Court (“the trial court”). In response, Worldwide and Bramlett moved the trial court, pursuant to Rule 60(b)(4), Ala. R. Civ. P., to set aside the domesticated Minnesota judgment on the ground that the Minnesota court had lacked personal jurisdiction over them because, they alleged, they had not been served with process in the action in the Minnesota court. However, Worldwide and Bramlett did not support their motion with any evidence tending to prove that they had not been served with process in the action in the Minnesota court. Groves subsequently filed a pleading notifying the trial court and the parties that he was joining the Rule 60(b)(4) motion filed by Worldwide and Bramlett. However, Groves did not submit any evidence tending to prove that he had not been served with process in the action in the Minnesota court.
 

 In opposition to the Rule 60(b)(4) motion, Cambria argued, among other things, (1) that its authenticating and filing the Minnesota judgment in the trial court in accordance with the UEFJA created a rebuttable presumption that the Minnesota court had jurisdiction to enter the Minnesota judgment and shifted to Worldwide, Bramlett, and Groves the burden of producing evidence to rebut that presumption and (2) that the unsworn allegations of Worldwide, Bramlett, and Groves to the effect that they had not been served with process in the action in the Minnesota court did not satisfy their burden of proof. Thereafter, the trial court, without holding a hearing, entered an order setting aside the Minnesota judgment without stating its rationale for doing so. Cambria then timely appealed to this court.
 

 “The standard of review on appeal from an order granting relief under Rule 60(b)(4), Ala. R. Civ. P. (‘the judgment is void’), is not whether the trial court has exceeded its discretion. When the decision to grant or to deny relief turns on the validity of the judgment, discretion has no field of operation.
 
 Cassioppi v. Damico,
 
 536 So.2d 938, 940 (Ala.1988). ‘If the judgment is void, it is to be set aside; if it is valid, it must stand.... A judgment is void only if the court which rendered it
 
 lacked jurisdiction
 
 of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process.’
 
 Seventh Wonder v. Southbound Records, Inc.,
 
 364 So.2d 1173, 1174 (Ala.1978) (emphasis added).”
 

 Ex parte Full Circle Distribution, L.L.C.,
 
 883 So.2d 638, 641 (Ala.2003).
 

 
 *617
 
 “ ‘The judgment of the court of another state having jurisdiction of the subject matter and persons is entitled to full faith and credit in Alabama courts.
 
 Hester v. Clinic Masters, Inc.,
 
 371 So.2d 915 (Ala.Civ.App.1979), cert. denied, 371 So.2d 917 (Ala.1979).’ ”
 
 Teng v. Diplomat Nat’l Bank,
 
 431 So.2d 1202, 1202-03 (Ala.1983) (quoting
 
 Morse v. Morse,
 
 394 So.2d 950, 951 (Ala.1981)). The authentication and filing of a sister state’s judgment with a circuit court of this state in accordance with the UEFJA creates a rebuttable presumption that the court rendering that judgment had jurisdiction to do so and shifts to the party challenging that judgment the burden of producing evidence to rebut the presumption.
 
 See Teng,
 
 431 So.2d at 1203.
 

 In the case now before us, Cam-bria’s authenticating and filing the Minnesota judgment with the trial court in accordance with the UEFJA created a rebuttable presumption that the Minnesota court had jurisdiction l to enter the Minnesota judgment and shifted to Worldwide, Bramlett, and Groves the burden of producing evidence to rebut that presumption.
 
 Id.
 
 Although Worldwide, Bramlett, and Groves made un-sworn allegations that they had not been served with process in the action in the Minnesota court, they produced no evidence to prove those unsworn allegations or to otherwise rebut the presumption that the Minnesota court had jurisdiction to enter the Minnesota judgment. Consequently, the trial court erred in setting aside the Minnesota judgment. Accordingly, we reverse the trial court’s order setting aside the Minnesota judgment and remand the case to the trial court for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 THOMPSON, P.J., concurs in the result, without writing.