MOORE, Chief Justice
(dissenting).
I respectfully dissent. Under Florida law, the judgment domesticated here was final, and the “‘validity and effect of a foreign judgment ... are to be determined by the law of the state in which [the judgment] was rendered.’ ” Teng v. Diplomat Nat’l Bank, 431 So.2d 1202, 1203 (Ala.1983) (quoting Morse v. Morse, 394 So.2d 950, 951 (Ala.1981)).
Rather than applying Florida law, the trial court used an Alabama procedural rule, namely, Rule 54(b), Ala. R. Civ. P., to determine that the Florida judgment was a nonfinal judgment.[1] Although § 6-9-232, Ala.Code 1975, a portion of the Uniform Enforcement of Foreign Judgments Act, provides that a foreign judgment domesticated in Alabama “is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state,” the fact remains that a circuit court of this state is bound by its constitutional obligation to afford full faith and credit to the valid judgments of sister states.
This Court has explained:
“The Constitution of the United States, Article IV, Section 1, requires that ‘full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state.’ A judgment, therefore, entered by the court of another state having jurisdiction over the subject matter and persons is entitled to full faith and credit in Alabama courts. [Citations omitted.]”
Greene v. Connelly, 628 So.2d 346, 351 (Ala.1993), abrogated on other grounds by Ex parte Full Circle Distribution, L.L.C., 883 So.2d 638 (Ala.2003). “[T]he duty to afford full faith and credit to judicial proceedings of our sister states ... is one consisting of both constitutional and statutory dimensions.” Package Exp. Ctr., Inc. v. Maund, 957 So.2d 1137, 1140 (Ala.Civ.App.2006)(citing U.S. Const., art. IV, § 1, and 28 U.S.C. § 1738).[2] Moreover, “[i]f a judgment of a sister state is properly authenticated and filed with the circuit court, ... a presumption arises that the court rendering that judgment had jurisdiction to do so.” Greene, 628 So.2d at 351 (citing Teng, 431 So.2d at 1203). Accordingly, “the party challenging the judgment has the burden of asserting lack of jurisdiction and producing evidence to overcome the presumption.” Id. The burden, then, was on Jerry O. Lorant and *1079 JOL, LLC, to show that the trial court lacked jurisdiction, but their argument that the judgment was nonfinal because it did not dispose of all parties contradicts Florida law regarding the finality of judgments.
In Florida, a judgment is final when an order, judgment, or decree “constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected.” S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974). “That termination occurs when the trial court loses jurisdiction over the cause upon the expiration of the time limits set forth in Florida Rule of Civil Procedure 1.530(b).” Joannou v. Corsini, 543 So.2d 308, 310 (Fla.Dist.Ct.App.1989). Florida law regarding final judgments is distinguishable from federal and Alabama law regarding final judgments. Rule 54(b), Fed.R.Civ.P., deals with a judgment involving multiple claims:
“(b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief — -whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties’ rights and liabilities.”
Alabama has adopted a similar provision in Rule 54(b), Ala. R. Civ. P. According to this rule, a judgment that does not determine all claims presented in an action is not final.
Florida has not adopted such a rule. Hotel Roosevelt Co. v. City of Jacksonville, 192 So.2d 334, 338 (Fla.Dist.Ct.App.1966) (“[T]he Supreme Court of Florida ... has not yet seen fit to also adopt a counterpart to Rule 54(b), Federal Rules of Civil Procedure, dealing with judgments upon multiple claims.”); Rule 9.110, Fla. R.App. P. (providing that “partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case”); Jensen v. Whetstine, 985 So.2d 1218, 1220 (Fla.Dist.Ct.App.2008) (“[A] partial judgment is appealable as a final order under Florida Rule of Appellate Procedure 9.110(k) when the judgment resolves a distinct and severable cause of action, i.e., the remaining claims do not arise from a set of common facts or a single transaction.”). Therefore, when a Florida court deals with multiple claims, the test for the finality of a judgment is whether the judgment “marks the end of the judicial labor in the case, and nothing further remains to be done by the court to fully effectuate a termination of the cause as between the parties directly affected.” Hotel Roosevelt, 192 So.2d at 338. For example, the court in Hotel Roosevelt held that an order dismissing the third-party complaint filed by the City of Jacksonville was a final judgment and thus appealable, even though the underlying case remained pending in the circuit court. Id. Likewise, in 1977, the Florida Supreme Court considered whether a trial court’s order was final and thus appealable when issues between other parties still remained in the underlying case. State Farm Mut. Auto. Ins. Co. v. American Hardware Mut. Ins. Co., 345 So.2d 726, 728 (Fla.1977). The court determined that when the rights of the parties directly affected have been ful *1080 ly determined in the judgment, the judgment is final. Id.
Absent an “express direction for the entry of judgment” and the “express determination” by the trial court, pursuant to Rule 54(b), Ala. R. Civ. P., that “there is no just reason for delay,” Alabama does not recognize a judgment as final when other claims remain pending. In Florida, however, as long as a judgment has determined the rights of the directly affected parties, the judgment is considered final.
Lorant and JOL complain that Whitney Bank’s evidence regarding the finality of the Florida judgment was submitted for the first time on appeal or in the Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate; in light of Florida law, however, the only evidence a trial court needs to determine that the Florida judgment was final is the triple-certified copy of the Florida judgment that Whitney Bank filed in the Jefferson Circuit Court.
“If the judgment of a sister state is properly authenticated and produced at trial, as in the case at bar, it must be presumed that the court rendering the judgment had jurisdiction to do so. The burden is upon the party challenging the judgment to assert lack of jurisdiction and to produce evidence to overcome the presumption.”
Teng, 431 So.2d at 1203; see Republic Nat’l Bank of Dallas v. Howell, 456 So.2d 58, 59 (Ala.1984) (“[T]he properly authenticated judgment of the [sister state’s] court, that court having jurisdiction, is conclusive....”); see also Stallworth v. Stallworth, 272 Ala. 449, 454,131 So.2d 867, 871 (1961) (“Since the decree of the [sister state’s] court appears on its face to be a valid and binding decree ..., then full faith and credit must be given to the decree of the [sister state].”). Here, Lorant and JOL failed to carry their burden and to overcome the presumption in favor of the Florida judgment because they relied on the Alabama Rules of Civil Procedure, which have no legal effect on the finality of the Florida judgment. Cf. Canon Fin. Servs., Inc. v. National Voting Rights Museum & Inst., Inc., 57 So.3d 766, 769 (Ala.Civ.App.2010) (“[I]t is readily apparent that the Alabama court’s views concerning the efficacy of service of process in the underlying action under Alabama law are immaterial to whether full faith and credit should be extended to the judgment of the [sister state’s] court.”). Whitney Bank was not required to show that the Florida judgment disposed of all other parties and claims to demonstrate that the judgment was final, and Whitney Bank did not bear the burden of instructing the trial court to apply Florida law to determine the validity of the Florida judgment.
“[W]here the facts before the trial court are essentially undisputed and the controversy involves questions of law for the court to consider, the court’s judgment carries no presumption of correctness.” Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala.1996). “An appellate court may affirm the judgment of the trial court when the trial court has reached the right result for the wrong reason.... However, this rule should not apply where the “wrong reason’ prevented a party from properly presenting his case or prejudiced his rights.” Lloyd Noland Found., Inc. v. HealthSouth Corp., 979 So.2d 784, 796 (Ala.2007). This Court “ ‘can affirm a judgment if we disagree with the reasoning of the trial court in entering the judgment, as long as the judgment itself is proper.”’ Verchot v. General Motors Corp., 812 So.2d 296, 305 (Ala.2001) (quoting Progressive Specialty Ins. Co. v. Hammonds, 551 So.2d 333, 337 (Ala.1989)). Here, the trial court’s vacation of the domesticated Florida judgment was not proper and is not due to be affirmed. Had the trial court recognized its constitutional and statutory duty to afford full faith and *1081 credit to the Florida judgment, it would have discovered that the Florida judgment was final, notwithstanding the arguments made to the trial court by the parties. Evidence that the Florida judgment did not dispose of all the defendants was simply immaterial to the determination whether the judgment was final under Florida law. Therefore, Whitney Bank timely presented the trial court with evidence indicating that the Florida judgment was final.
In light of the foregoing, I would reverse the order vacating the Florida judgment and remand this case for the trial court to reevaluate the finality of the Florida judgment according to Florida law in accordance with the doctrine of full faith and credit.

. The trial court's order vacating the domesticated judgment stated: "Rule 54(b) of the Alabama Rules of Civil Procedure requires that a final judgment adjudicate all the claims, rights and liabilities of all the parties. It further provides that judgment against less than all parties be rendered 'only upon an express direction for the entry of judgment.’ The Florida judgment submitted for domestication provides no such satisfaction of that requirement and therefore is not final under Alabama law.”

. However, although this issue is not implicated here, a statute of a sister state that is clearly against public policy in Alabama will not be recognized here. See Pacific Emp’rs Ins. Co. v. Industrial Accident Comm’n of California, 306 U.S. 493, 501, 59 S.Ct. 629, 83 L.Ed. 940 (1939) ("[Tjhe very nature of the federal union of states, to which are reserved some attributes of sovereignty, precludes resort to the full faith and credit clause as the means for compelling a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate.”); Monarch Refrigerating Co. v. Faulk, 228 Ala. 554, 557, 155 So. 74, 76 (1934) ("[I]t is not always obligatory, either on the ground of comity or duty, that one state give effect to the judgment of another, when to do so would result in having its own law overridden.”).