PITTMAN, Judge.
Canon Financial Services, Inc. (“Canon”), appeals from an order of the Dallas Circuit Court (“the Alabama court”) granting a motion filed by the National Voting Rights Museum & Institute, Inc. (“NVRMI”), seeking relief from a judgment entered by the Alabama court in response to Canon’s registration of a foreign judgment entered in Canon’s favor by the Superior Court of New Jersey Law Division, -Burlington County (“the New Jersey court”), in an action that had been brought by Canon against NVRMI in that state. We reverse and remand with instructions.
In August 2007, Canon filed in the Alabama court a document labeled “Notice of Filing of Foreign Judgment” in which it sought to invoke provisions of the Uniform Enforcement of Foreign Judgments Act (“UEFJA”), Ala.Code 1975, § 6-9-230 et seq. Attached to that filing was an affidavit of Canon’s litigation account manager in which she testified that in January 2007 Canon had obtained a judgment in the New Jersey court against “National Voting Rights Museum” for $43,522.92 plus costs; that the judgment was amended in May 2007 so as to name NVRMI as the proper defendant; and that the judgment was valid, enforceable, and unsatisfied. Exhibits to the affidavit filed in support of Canon’s notice included certified photocopies of both the pertinent January 2007 judgment, which reflects that it was entered as a default judgment, and the May 2007 amendment thereto. Canon’s notice also contained a certificate of service indicating that a copy of the notice had been mailed to the last known address for NVRMI as set forth in the litigation account manager’s affidavit. On August 21, 2007, the Alabama court entered a judgment in favor of Canon declaring that the New Jersey judgment would be deemed enforceable in Alabama.
In October 2007, NVRMI, pursuant to Rule 60(b)(4), Ala. R. Civ. P., filed a motion for relief from the Alabama court’s registration judgment, averring that *768 NVRMI had not been “made aware” of the lawsuit in the New Jersey court or of that court’s judgment and that NVRMI had no familiarity of having obtained a copying machine from any of Canon’s affiliates. In support of its motion, NVRMI filed an affidavit given by its longtime registered agent for service of process, in which she testified that she had never been served with any papers as to the action in the New Jersey court and that she had not been served with process in the registration proceeding in the Alabama court. The parties then filed briefs as to their respective positions, with Canon asserting that the New Jersey court had had personal jurisdiction over NVRMI pursuant to the laws of that state and that that court’s judgment was entitled to full faith and credit in Alabama and NVRMI asserting that Canon had failed to demonstrate effective service upon one of its directors (a method that NVRMI admitted might be proper under New Jersey law). Neither Canon nor NVRMI submitted any further admissible evidence in support of their respective positions, although Canon did submit an unauthenticated copy of a document purporting to be an office-equipment lease entered into by the parties. The Alabama court granted NVRMI’s motion for relief from the registration judgment on June 3, 2009, opining that “service in the underlying action was not effective pursuant to the Alabama Rules of Civil Procedure” (emphasis added). Canon timely appealed to this court from that order based upon the limited amount in controversy;[1] the appeal has been submitted solely on Canon’s brief because NVRMI has not favored this court with an appellate brief.
Our review is governed by the following principles:
“The review applicable to a Rule 60(b)(4) motion is de novo. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. The only question before us is whether the judgment is void. A judgment is void only if the court rendering it lacked jurisdiction over the subject matter or over the parties, or if it acted in a manner inconsistent with due process.
“The Constitution of the United States, Article IV, Section 1, requires that ‘full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state.’ A judgment, therefore, entered by the court of another state having jurisdiction over the subject matter and persons is entitled to full faith and credit in Alabama courts.

“The validity and effect of a foreign judgment are determined by the law of the state in which it was rendered. If a judgment of a sister state is properly authenticated and filed with the circuit court, [as provided for in the UEFJA, Ala.Code 1975,] §§ 6-9-232, 6-9-233, a presumption arises that the couri rendering that judgment had jurisdiction to do so. Therefore, the party challenging the judgment has the burden of asserting lack of jurisdiction and, producing evidence to overcome the presumption.”

Greene v. Connelly, 628 So.2d 346, 351 (Ala.1993) (emphasis added; citations omitted).[2]
*769 From the foregoing, it is readily apparent that the Alabama court’s views concerning the efficacy of service of process in the underlying action under Alabama laiv are immaterial to whether full faith and credit should be extended to the judgment of the New Jersey court. Rather, it is to the validity of the New Jersey court’s judgment under New Jersey law that Greene directs a reviewing court. Greene further stands for the proposition that NVRMI, as the party challenging the New Jersey court’s judgment, had the burden of demonstrating that that court lacked either subject-matter jurisdiction or personal jurisdiction; because NVRMI’s attack on the judgment impugned only that court’s personal jurisdiction, the single pertinent question in this case is whether NVRMI met its burden of proving that the New Jersey court’s judgment was not valid under that state’s law on that basis.
The record indicates that in 2006, when Canon initiated its action in the New Jersey court, that state’s rules of civil procedure provided that the “primary method” of obtaining in personam jurisdiction over a defendant corporation in a civil action was “by causing the summons and complaint to be personally served within” New Jersey on (1) “any officer, director, trustee or managing or general agent” of the corporation, (2) “any person authorized by appointment or by law to receive service of process on behalf of the corporation,” (3) “a person at the registered office of the corporation in charge thereof,” or (if service could not be effected upon those persons) (4) “a person at the principal place of business of the corporation in [New Jersey] in charge thereof’ or (5) “any employee of the corporation within [New Jersey] acting in the discharge of his or her duties” if the corporation had no New Jersey place of business. Rule 4:4-4(a), N.J.R. Civ. P. NVRMI appears not to have had any place of business or employees in New Jersey. However, New Jersey court rules also expressly provided that if it could be shown by affidavit “that despite diligent effort and inquiry personal service [could not] be made” consistent with Rule 4:4-4(a), in personam jurisdiction could be obtained' over a corporate defendant by two other means: (a) by “personal service in a state of the United States ... in the same manner as if service were made within [New Jersey]” or by “a public official having authority to serve civil process in the jurisdiction in which the service [was] made or by a person qualified to practice law in [New Jersey] or in the jurisdiction in which service [was] made”; or (b) by “mailing a copy of the summons and' complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to ... [the] corporation ... addressed to a registered agent for service, or to its principal place of business, or to its registered office.” Rules 4:4-4(b)(1)(A) and 4:4-4(b)(l)(C), N.J.R. Civ. P. Finally, New Jersey law at the time of the institution of Canon’s action provided that if service could not be affected by any of the other modes authorized by rule, any defendant could be served “as provided by court order.” Rule 4:4-4(b)(3).
The foregoing authority indicates that, under New Jersey law, service of process upon a foreign corporation such as NVRMI could, under the right set of factual and legal circumstances, be accomplished by a number of different, but equally effective, means, such as by personal delivery of the summons and .complaint in the action or by mailing those documents to either a “person authorized by appointment or by law to receive ser *770 vice of process on behalf of the corporation,” such as NVRMI’s registered agent who testified by affidavit, or to “any officer, director, trustee or managing or general agent” of NVRMI. However, the sole evidence adduced by NVRMI was the testimony in the agent’s affidavit that she had not “been served with any papers or process regarding” the action in the New Jersey court. That evidence falls far short of negating the possibilities that Canon properly served NVRMI with process by personally serving one of its directors (as Canon alleged in its trial-court brief but did not prove),[3] by serving NVRMI by certified and regular mail addressed to NVRMI’s “regular place of business” in Selma, or by effecting service in some other fashion authorized by the New Jersey court. As Greene notes, under full-faith-and-credit principles, it was NVRMI’s burden in the Alabama court to prove the absence of jurisdiction in the New Jersey court, not Canon’s burden to prove the existence of that jurisdiction, and NVRMI failed to carry its burden by negating each of the potential bases by which the in personam jurisdiction of the New Jersey court could lawfully have attached.
Because Canon demonstrated that it had a valid and unsatisfied foreign judgment against NVRMI and that it had properly notified NVRMI of the registration of that judgment as required under the UEFJA, the Alabama court properly domesticated the judgment of the New Jersey court. See generally Ala.Code 1975, § 6-9-238. NVRMI, the judgment debtor, failed to adduce sufficient evidence to overcome the prevailing presumption that the judgment of the New Jersey court was validly entered, and the Alabama court erred in entering its June 3, 2009, order granting NVRMI’s Rule 60(b)(4) motion. That order is reversed, and the cause is remanded for the entry of a order reinstating the August 21, 2007, registration judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. As we held in Nix v. Cassidy, 899 So.2d 998, 999-1000 (Ala.Civ.App.2004), such an order is final, and an appeal may properly be taken therefrom.

. To the extent that Greene held that a motion filed pursuant to Rule 60(b)(4) must be filed within a reasonable time, it has been abrogated by Ex parte Full Circle Distribution, L.L.C., 883 So.2d 638 (Ala.2003); however, *769 Greene otherwise remains binding precedent upon this court.

. We note that Canon has attached, as an exhibit to its brief on appeal, an "exhibit” that purports to be an "affidavit of service” executed by a "sheriff's officer” in which it is asserted that the signing officer had personally served an agent or a person in charge of the office of the "National Voting Rights Museum.” As Canon freely admits in its appellate brief, that document was not submitted to the Alabama court for its consideration in connection with its decisions to allow the New Jersey court’s judgment to be registered or to grant NVRMI’s motion for relief. We regret the need to again remind the Bar that an appellate record cannot be supplemented or enlarged by the mere attachment of documents to an appellant's brief, see Curvin v. Curvin, 6 So.3d 1165, 1173 (Ala.Civ.App.2008), and we expressly disavow any reliance upon Canon's "exhibit” in reaching our decision today.