PER CURIAM.
 

 Pirtek USA, LLC (“Pirtek”), filed two separate actions in the Mobile Circuit Court against Michael Whitehead and Fluid Services, Inc., of which Whitehead was the sole owner (hereinafter collectively referred to as “FSI”), seeking domestication of a foreign judgment entered in Bre-vard County, Florida. The circuit court consolidated the actions and ultimately refused to domesticate the Florida judgment. Pirtek filed a motion to alter, amend, or vacate the circuit court’s judgment or, alternatively, to confirm part of the Florida judgment. The circuit court denied Pir-tek’s postjudgment motion, and Pirtek appealed. The appeals have been consolidated for purposes of issuing one opinion. We reverse and remand.
 

 Facts and Procedural Histo'ry
 

 On November 2, 1998, Fluid Services entered into a franchise agreement with Pirtek (“the franchise agreement”), pursuant to which Fluid Services was to sell, assemble, and install Pirtek’s line of industrial and hydraulic hoses, fixed tube assemblies, fittings and related components, and other distinctive Pirtek products. The franchise agreement contains a noncom-petition provision, Section 12. C, which states:
 

 “Noncompetition. Franchisee (including specifically Principal Owner and Personal Guarantors) may not engage ... in any business within 15 miles of Franchisee’s Territory or any Promotional Zone that sells products and services similar to the products and services sold by a ‘Pirtek’ business for a period of two (2) years after expiration or termination of this Agreement. Franchisee expressly agrees that the two (2) year period and 15 mile radius are the reasonable and necessary time and distance needed to protect Franchisor if the Agreement expires or is terminated for any reason.”
 

 On January 21, 2005, Pirtek terminated the franchise agreement. Immediately following the termination of the franchise agreement, FSI and other current and former Pirtek franchisees commenced an arbitration proceeding against Pirtek in Orlando, Florida, pursuant to Section 13.A of the franchise agreement (“the arbitration proceeding”). In the arbitration proceeding, FSI alleged that Pirtek had breached the franchise agreement and had violated Florida’s Deceptive and Unfair Trade Practices Act. In response, Pirtek asserted counterclaims against FSI for past-due licensing fees and product purchases, enforcement of the noncompetition provision, and an award of attorney fees and costs pursuant to Section 13.C of the franchise agreement.
 

 It is undisputed that in April 2005 Pirtek filed in the United States District Court for the Southern District of Alabama a motion requesting a restraining order and
 
 *293
 
 a preliminary injunction against FSI in a dispute arising out of the franchise agreement, which dispute was simultaneously being arbitrated in the arbitration proceeding. United States District Court Judge Callie Granade denied Pirtek’s requests on the ground that the proper forum for Pirtek to request a temporary restraining order and a preliminary injunction was before the arbitration panel in conjunction with the arbitration proceeding. Pirtek never requested that the arbitration panel issue a temporary restraining order or a preliminary injunction against FSI.
 

 On July 27, 2006, the arbitration panel issued an interim award, and on November 27, 2006, the arbitration panel issued a final award, which incorporated the interim award. The arbitration panel awarded Pirtek damages against FSI, as follows:
 

 “Pirtek is awarded $345,872.88 from [FSI] for money owed as determined in the panel’s Interim Award ($156,394.42) plus fees in connection with this proceeding ($189,671.44 = $193,735.44 to Pirtek as the prevailing party less 2 x $2,032, i.e., $4,064, against Pirtek as the non-prevailing party).”
 
 [1]
 

 The arbitration panel also ruled that FSI be permanently enjoined from violating Section 12. C of the franchise agreement, the noncompetition provision, as follows:
 

 “The [arbitration] panel permanently enjoins [FSI] from violating the terms of § 12.C, the non-compete provision, of them respective franchise agreement.”
 

 On January 12, 2007, Pirtek sought to have the arbitration award confirmed by filing in the Circuit Court of Brevard County, Florida (“the Florida court”), an application to confirm the arbitration award. Pirtek also filed the affidavit of its attorney, Craig Miller, in support of the application to confirm the award.
 

 Whitehead acknowledged that the application and Miller’s affidavit were properly served on Whitehead and Fluid Services by a private process server at their correct addresses and that such service put them on notice of the proceedings in the Florida court to have the arbitration award confirmed. Whitehead also acknowledges that, after seeking advice from counsel, FSI chose not to participate in the confirmation proceedings.
 

 On March 14, 2007, Pirtek filed with the Florida court a memorandum of law in support of its application to confirm the arbitration award and a notice of hearing, indicating that a hearing on Pirtek’s application to confirm was scheduled for April 23, 2007. Whitehead testified that FSI was not served with the memorandum of law or notice of the April 23, 2007, hearing. David Dyer, Pirtek’s attorney in the confirmation proceedings, filed an affidavit stating that he had served FSI with the memorandum of law in support of Pirtek’s application to confirm and the notice of the hearing that was to occur on April 23, 2007; Pirtek did, in fact, file the documents with the Florida court. It is undisputed that Pirtek used an incorrect mailing address in its attempt to serve FSI with the documents by first-class mail through the United States Postal Service.
 

 On April 23, 2007, a hearing on the application to confirm the arbitration award was held; FSI did not appear. On May 1, 2007, Pirtek submitted a proposed order to the Florida court, adopting the arbitration panel’s final award. Dyer also claims to have properly served the pro
 
 *294
 
 posed order on FSI. FSI contends that it was never served with the proposed order.
 

 On May 8, 2007, the Florida court entered the proposed order, which adopted the arbitration panel’s interim and final awards (“the Florida judgment”). The Florida judgment provided:
 

 “[F]or a period of two years from the date of November 27, 2006, which is when the Arbitration Award was issued, defendants Michael Whitehead and Fluid Services, Inc., together with their agents, servants, employees, attorneys and those persons acting in concert or participation with them, shall not engage as an owner, partner, director, officer, franchisee, employee, consultant, agent or in any other capacity in any business that sells products and services similar to the products and services sold by a PIRTEK® business within 15 miles of the territory consisting of the counties of Mobile and Baldwin in the State of Alabama, the counties of Escambia, Santa Rosa and Okaloosa in the State of Florida and the county of Harrison in the State of Mississippi or within 15 miles of any promotional zone of any other PIR-TEK® Center. In addition, for the same two year period, Michael Whitehead and Fluid Services, Inc., may not employ or seek to employ any person who is at that time employed by any other PIRTEK® franchise or center or otherwise directly or indirectly induce such person to leave his or her employment.”
 

 On May 24, 2007, pursuant to Alabama’s Uniform Enforcement of Foreign Judgments Act (“UEFJA”), § 6-9-230 et seq., Ala.Code 1975, Pirtek filed the Florida judgment in the Mobile Circuit Court, seeking to domesticate the Florida judgment. On June 1, 2007, the Mobile Circuit Court served both Whitehead and Fluid Services with notices of the filing of Pir-tek’s domestication petition.
 

 On August 9, 2007, FSI filed a “Motion for Relief’ pursuant to Rule 60(b), Ala. R. Civ. P., in the Mobile Circuit Court. In its Rule 60(b) motion, FSI argued that the Florida judgment was defective. The circuit court held a hearing on FSI’s motion on October 3, 2007. FSI argued that the Florida judgment modified the arbitration award by ordering that the two-year non-competition period began on the date the arbitration award was issued, i.e., November 27, 2006, rather than on the date the franchise agreement was terminated, i.e., January 21, 2005. FSI argued that the Florida court did not have subject-matter jurisdiction to modify the arbitration award because Pirtek never filed a motion to modify, and thus, FSI argued, the Florida judgment was defective. FSI also alleged that the Florida judgment was defective because, it said, FSI was denied due process by Pirtek’s failure to provide notice of its intention to modify the arbitration award by failing to serve FSI with the pertinent documents. On February 28, 2008, the circuit court granted FSI’s Rule 60(b) motion, refusing to domesticate the Florida judgment and holding: (1) that the Florida court did not have subject-matter jurisdiction to modify the arbitration award; and (2) that FSI was not afforded its due-process rights in that it did not receive notice “that Pirtek sought to have the Florida Court provide different relief than that set out in the Arbitration Award.”
 

 On March 28, 2008, Pirtek filed in the Mobile Circuit Court a Rule 59, Ala. R. Civ. P., motion to alter, amend, or vacate the judgment or, alternatively, to confirm the arbitration award. Pirtek requested that the circuit court reverse its judgment granting FSI’s Rule 60(b) motion, reinstate Pirtek’s action to domesticate the
 
 *295
 
 Florida judgment, or domesticate only the monetary portion of the Florida judgment. Pirtek argued that FSI had notice of its application to confirm filed in the Florida court and that FSI had been afforded due process. Alternatively, Pirtek requested that the circuit court confirm the arbitration award under the Federal Arbitration Act. FSI filed its response to Pirtek’s motion on May 8, 2008. On July 9, 2008, the circuit court denied Pirtek’s motion. Pirtek appealed.
 

 Standard of Review
 

 In
 
 Orix Financial Services, Inc. v. Murphy,
 
 9 So.3d 1241 (Ala.2008), this Court set forth the standard of review applicable to reviewing a ruling on a motion filed pursuant to Rule 60(b)(4), Ala. R. Civ. P., collaterally attacking a foreign judgment on the basis that the judgment is void for lack of jurisdiction:
 

 “In
 
 Insurance Management & Administration, Inc. v. Palomar Insurance Corp.,
 
 590 So.2d 209, 212 (Ala.1991), we explained that we review de novo a trial court’s ruling on such a motion:
 

 “ ‘The standard of review on appeal from the denial [or granting] of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.
 
 Satterfield v. Winston Industries, Inc.,
 
 553 So.2d 61 (Ala.1989)’
 

 “Additionally, we note that ‘[t]he validity and effect of a foreign judgment, of course, are to be determined by the law of the state in which it was rendered.’
 
 Morse v. Morse,
 
 394 So.2d 950, 951 (Ala.1981) (citing
 
 Forbes v. Davis,
 
 187 Ala. 71, 65 So. 516 (1914)).”
 

 9 So.3d at 1244.
 

 Discussion
 

 The circuit court refused to domesticate the Florida judgment and denied Pirtek’s postjudgment motion on the bases that the Florida court was without jurisdiction to enter the Florida judgment and that the Florida court had acted in a manner inconsistent with the principles of due process. Pirtek contests both holdings.
 

 In
 
 Menendez v. COLSA, Inc.,
 
 852 So.2d 768 (Ala.Civ.App.2002), the Court of Civil Appeals set forth the general principles concerning the domestication of a foreign judgment under the UEFJA:
 

 “While Alabama courts are generally required to give a judgment entitled to full faith and credit at least the res judicata effect accorded in the rendering court’s jurisdiction, Alabama courts are permitted to inquire into the jurisdiction of the rendering court.
 
 Feore
 
 [v.
 
 Feore
 
 ], 627 So.2d [411,] 413 [(Ala.Civ.App.1993)]; accord,
 
 Republic Nat’l Bank v. Howell,
 
 456 So.2d 58, 59 (Ala.1984). However, the appropriate inquiry is limited to ascertaining ‘ “(1) whether the issue of jurisdiction was fully and fairly litigated by the foreign court and (2) whether the issue of jurisdiction was finally decided by the foreign court.” ’
 
 Feore,
 
 627 So.2d at 413 (quoting
 
 Alston Elec. Supply Co. v. Alabama Elec. Wholesalers, Inc.,
 
 586 So.2d 10, 11 (Ala.Civ.App.1991)). In short, if jurisdiction is not lacking, an Alabama court must give full faith and credit to a foreign judgment under the UEFJA.
 
 Feore,
 
 627 So.2d at 413. The burden is on a party challenging the validity of the foreign judgment to assert and demonstrate the rendering
 
 *296
 
 court’s lack of jurisdiction.
 
 Greene v. Connelly,
 
 628 So.2d 346, 351 (Ala.1993).”
 

 852 So.2d at 771 “Full faith and credit prohibits an inquiry into the merits of the original cause of action.”
 
 Tongue, Brooks & Co. v. Walser,
 
 410 So.2d 89, 90 (Ala.Civ.App.1982) (citing
 
 Forbes v. Davis,
 
 187 Ala. 71, 65 So. 516 (1914)).
 

 This Court defined subject-matter jurisdiction in
 
 Ex parte Seymour,
 
 946 So.2d 536, 538 (Ala.2006), as follows:
 

 “Jurisdiction is ‘[a] court’s power to decide a case or issue a decree.’
 
 Black’s Law Dictionary
 
 867 (8th ed. 2004). Subject-matter jurisdiction concerns a court’s power to decide certain
 
 types
 
 of cases.
 
 Woolf v. McGaugh,
 
 175 Ala. 299, 303, 57 So. 754, 755 (1911) (‘ “By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought.”’ (quoting
 
 Cooper v. Reynolds,
 
 77 U.S. (10 Wall.) 308, 316, 19 L.Ed. 931 (1870))). That power is derived from [a state’s constitution and its statutory law].
 
 See United States v. Cotton,
 
 535 U.S. 625, 630-31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (subject-matter jurisdiction refers to a court’s ‘statutory or constitutional power’ to adjudicate a case).”
 

 In the present case, the circuit court recognized in its order that the Florida court had jurisdiction to confirm the arbitration award, as follows:
 

 “The Florida statutes governing confirmation of an arbitration award give Florida courts jurisdiction to enter judgment on an award rendered in arbitration and authority to vacate, modify or correct such an award in the manner provided by the statute. Fla. Stat. § 682.18 (2007).”
 

 After determining that the Florida court had jurisdiction to confirm the arbitration award, the circuit court proceeded to inquire into the merits of the Florida judgment. The circuit court determined that the Florida judgment modified the arbitration award by mandating that the noncom-petition provision be given effect “for a period of two years from the date of November 27, 2006,” rather than for a period of two years immediately following the date that the franchise agreement was terminated, i.e., January 21, 2005. The circuit court held that the Florida court did not have jurisdiction to modify the arbitration award because, the circuit court determined, no motion to modify had been filed with the Florida court. As a result, the circuit court determined, the Florida court did not have jurisdiction to enter the Florida judgment. We disagree.
 

 The circuit court’s inquiry into whether the Florida judgment modified the arbitration award is an inquiry into the merits of the Florida judgment; such an inquiry is prohibited. The circuit court properly determined that the Florida court had jurisdiction to enter the Florida judgment based on Florida’s statutory law, but the circuit court exceeded its authority by considering the merits of the Florida judgment. Therefore, the circuit court erred in determining that the Florida court did not have subject-matter jurisdiction to enter the Florida judgment, and we reverse the circuit court’s judgment holding that the Florida court did not have jurisdiction to confirm the arbitration award.
 

 Having determined that the Florida court did have subject-matter jurisdiction to enter the Florida judgment, the next inquiry is whether the Florida court acted in a manner inconsistent with the principles of due process. The circuit court held, in pertinent part:
 

 “Whitehead’s only notice of the Florida proceeding was the motion requesting confirmation of the Arbitration Award. Whitehead contends he did not
 
 *297
 
 receive any notice that Pirtek sought to have the Florida Court provide different relief than that set out in the Arbitration Award. Pirtek admits it never filed a motion to modify the award; rather, the proposed judgment contained the language changing the injunctive relief period. Whitehead testified under oath that he never received a copy of the proposed judgment. While Pirtek finds that ‘implausible,’ it has no evidence to the contrary.
 

 “This Court finds the failure of notice to Whitehead that Pirtek intended to ask the Florida Court to modify the Arbitration Award fails the due process guarantees contemplated by the Florida arbitration statutes and the United States Constitution.”
 

 Pirtek argues that the circuit court erred in finding that the Florida court had acted in a manner inconsistent with the principles of due process. Pirtek argues that FSI was afforded all the due-process rights it deserved through Pirtek’s proper service on FSI of its application to confirm the arbitration award. FSI agrees that it received notice of the confirmation proceedings but argues that it did not receive service of Pirtek’s memorandum of law filed in support of its application to confirm the arbitration award, which, FSI alleges, changed the nature of the proceedings from a confirmation proceeding to a modification proceeding.
 

 In
 
 Mullane v. Central Hanover Bank & Trust Co.,
 
 339 U.S. 306, 314-15, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the United States Supreme Court discussed the requirement of notice in affording due process:
 

 “An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, ... and it must afford a reasonable time for those interested to make their appearance. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied.”
 

 (Citations omitted.)
 

 We hold that FSI’s due-process rights were not violated. It is undisputed that FSI had notice of the confirmation proceedings in the Florida court and that, after seeking the advice of counsel, it chose not to file a notice of appearance and defend the action. FSI’s choice not to exercise its due-process rights does not establish a deprivation of those rights; thus, the Florida court did not act in a manner inconsistent with the principles of due process.
 

 Pirtek also argues before this Court that the circuit court should have domesticated at least the monetary portion of the Florida judgment and that, alternatively, the circuit court should have confirmed the arbitration award under the Federal Arbitration Act. However, both of those arguments are moot in light of our reversal of the circuit court’s decision.
 

 Conclusion
 

 Based on the foregoing, we conclude that the circuit court’s judgment is due to be reversed. The Florida court had subject-matter jurisdiction to enter the Florida judgment and acted in a manner consistent with the principles of due process. We therefore reverse the judgment of the circuit court and remand this cause for proceedings consistent with this opinion.
 

 1071570 — REVERSED AND REMANDED.
 

 
 *298
 
 1071571 — REVERSED AND REMANDED.
 

 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and SHAW, JJ., concur.
 

 MURDOCK, J., concurs in the result.
 

 [1]
 

 . We note that the total of the amount of the interim award ($156,394.42) and the fees ($189,671.44) is $346,065.86.