DONALDSON, Judge.
Robert E. Morris appeals a judgment of the Marion Circuit Court (“the trial court”) dismissing his legal-malpractice claim against his former attorney, James Tony Glenn. Because Morris did not receive notice of Glenn’s motion to dismiss before the entry of the judgment, we reverse the trial court’s judgment and remand the cause to the trial court.

Statement of Facts

On March 7, 2013, Morris, an inmate in the custody of the Alabama Department of Corrections, filed a complaint in the trial court, without counsel, asserting a claim of legal malpractice against Glenn under the Alabama Legal Services Liability Act, § 6-5-570 et seq., Ala.Code 1975. Morris’s claim stems from Glenn’s representation of Morris in a criminal prosecution in Marion County. In his complaint, Morris asserted that he had been convicted of one count of first-degree robbery and had been sentenced to a term of life imprisonment. Morris alleged that Glenn had been appointed to represent him on appeal of the conviction to the Court of Criminal Appeals. Morris alleged that the Court of Criminal Appeals had determined that certain arguments that Morris had attempted to raise in the appeal were waived based on Glenn’s alleged failure to properly comply with the requirements of Rule 28, Ala. R.App. P.[1] Morris alleged that, based on that failure, his conviction was affirmed and that Glenn’s representation of Morris on appeal fell below the applicable standard of care.
The record reflects that Glenn was served with the summons and complaint on March 11, 2013. Thirty-nine days later, on April 19, 2013, Morris filed an application for an entry of default pursuant to Rule 55(a), Ala. R. Civ. P., on the ground that Glenn had not filed an answer or other responsive pleading within 30 days after service of the summons and complaint as required by Rule 12(a), Ala. R. Civ. P. On that same day, April 19, 2013, Glenn made his first appearance in the case by filing a “motion” in opposition to Morris’s application for an entry of default. Glenn also filed a separate motion to dismiss the action pursuant to Rule 12(b)(6), Ala. R. Civ. P. Neither of-Glenn’s motions contained a certificate of service on Morris, and the record provides no indication that Glenn attempted to serve either motion on Morris at any time. Later that same day, the trial court entered an order denying Morris’s motion for an entry of default.
On May 10, 2013, Glenn filed a second motion to dismiss, asserting that the complaint should be dismissed pursuant to the Alabama Prisoner Litigation Reform Act, codified at § 14-15-1 et seq., Ala.Code *1057 1975.[2] Glenn alleged that Morris’s claim was without merit and “absolutely frivolous” and that Morris was “absolutely guilty of the [criminal] charges he was convicted of.” The May 10 motion also did not contain a certifícate of service on Morris,' and there is nothing in the record indicating that Glenn made any attempt to serve the May 10 motion on Morris at any time.
On May 13, 2013, the trial court entered an order granting Glenn’s May 10 motion to dismiss the case, stating, in pertinent part that “the MOTION TO DISMISS PURSUANT TO [THE ALABAMA PRISONER LITIGATION REFORM ACT], filed by defendant James Tony Glenn, is GRANTED.” (Capitalization and emphasis in original.) On May 28, 2013, Morris filed a motion to alter, amend, or vacate the trial court’s judgment in which he asserted, among other things, that he had not been served with Glenn’s May 10 motion in accordance with Rule 5, Ala. R. Civ. P. The trial court denied Morris’s postjudgment motion by order dated June 5, 2013. Morris then filed a timely appeal to this court.[3]
On appeal, Morris contends that, because he never received service of Glenn’s May 10, 2013, motion to dismiss that formed the basis of the trial court’s judgment, the judgment was entered in a manner inconsistent with due process and must therefore be reversed. Under these facts, we agree. In Ex parte Weeks, 611 So.2d 259 (Ala.1992), our supreme court explained:
“Procedural due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901, broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and the opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the opposing party, with reasonable opportunity to controvert them.”
611 So.2d at 261. The right to be heard and to present objections “has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.” Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).
To satisfy constitutional standards, notice must be “reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Id. Notice must also be “of such nature as reasonably to convey the required information,” and “it must afford a reasonable time for those interested to make their appearance.” Id. Whether the notice be “ ‘that an action has commenced or that the moving party has added a new or additional claim for relief ..., the need for notice is the same.’ ” Austin v. Austin, [Ms. 2120102, July 19, 2013] — ,So.3d -, - (Ala.Civ.App. *1058 2013) (quoting Varnes v. Local 91, Glass Bottle Blowers Ass’n of United States & Canada, 674 F.2d 1365, 1368 (11th Cir. 1982))...
Service of written notice is “the classic form of notice” and is “always adequate in any type of proceeding.” Mullane, 339 U.S. at 313. Rule 5(a), Ala. R. Civ. P., provides that “every written motion other than one which may be heard ex parte, and every written notice, ... shall be served upon each of the parties” unless the rules provide otherwise. We note that Rule 5(d), Ala. R. Civ. P., requires a certificate of service to be included on “[a]ll papers after the complaint required to be served upon a party” and that the “certifícate of service shall list the names and addresses, including the e-mail addresses of registered electronic-filing-system users, if known, of all attorneys or pro se parties upon whom the paper'has been served.”
In Woodruff v. City of Tuscaloosa, 101 So.3d 749 (Ala.2012), our supreme court stated:
“[D]ue-process requirements could prevent a trial court from ruling on a motion that had not been properly served in accordance with Rule 5, even though personal jurisdiction over the parties had been established. See, e.g., Neal v. Neal, 856 So.2d 766, 782 (Ala.2002) (stating that a person already made a party to litigation could, ‘on some critical motion or for some critical proceeding within that litigation,’ be deprived of the due process required by the Fourteenth Amendment to the United States Constitution if he or she is not provided with ‘notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing’).”
101 So.3d at 752. Thus, the failure to serve a motion in accordance with Rule 5 might result in a violation of an opposing party’s due-process rights and can render a judgment entered pursuant to the motion void. See Pirtek USA, LLC v. Whitehead, 51 So.3d 291, 295 (Ala.2010) (quoting Orix Fin. Servs., Inc. v. Murphy, 9 So.3d 1241, 1244 (Ala.2008), quoting in turn Ins. Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala.1991)) (“ ‘ “A judgment is void ... if the court rendering it ... acted in a manner inconsistent with due process.” ’ ”).
Our supreme court has recognized that the failure to serve a motion or other paper in compliance with Rule 5(a) will not always result in a due-process violation. See Woodruff, 101 So.3d at 752-53 (holding that the trial court did not violate due process in considering the defendant’s motion to dismiss because the defendant had corrected its error in not serving its motion to dismiss on the plaintiff and because thé plaintiff had received adequate time to consider and respond to the arguments made in the motion). But, in this case, we hold that Morris has been deprived of due process.
The trial court considered Glenn’s May 10, 2013, motion to dismiss without any notice being provided to Morris, and it dismissed the action on the ground alleged in Glenn’s motion without affording Morris an opportunity to respond. Because Glenn’s May 10 motion had not been properly served in accordance with Rule 5 and because the record does not indicate that Morris was provided with notice of Glenn’s motion, principles of due process required the trial court to refrain from ruling on the motion. We conclude that the judgment dismissing the action is void- because it is inconsistent with due process. See Pirtek USA, LLC, supra.
Morris’s claim might lack merit, but the process followed in this case does not permit the claim to be dismissed under the *1059 existing circumstances. We, therefore, reverse the trial court’s judgment and remand the cause to the trial court. Because we are reversing the judgment on a procedural issue, we pretermit discussion of the other issues Morris raises on appeal, including whether the Alabama Prisoner Litigation Reform Act, the basis of Glenn’s motion to dismiss, applies to Morris’s claim.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Rule 28(a)(10) provides that an appellate brief must include “[a]n argument containing the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on.” If an argument in an appellate brief does not contain a discussion of the facts and the relevant legal authority, as required by Rule 28(a), then the appellate court will deem that argument to be waived. See White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008); see also Franklin v. State, 23 So.3d 694, 702 (Ala. Crim.App.2008); Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996).

. Act No. 2013-115, Ala. Acts 2013, the Alabama Prisoner Litigation Reform Act, had an effective date of April 24, 2013. The act "appl[ies] to all pro se civil actions for money damages relating to terms and conditions of confinement brought under the laws of this state, or for injunctive, declaratory, or mandamus relief, brought by prisoners incarcerated in any state correctional facility.” § 14-15-2, Ala.Code 1975 (emphasis added). Because this appeal is adjudicated on procedural-due-process grounds, we do not address the question pertaining to application of the Alabama Prisoner Litigation Reform Act to the present case.

. Glenn has not filed a brief on appeal.