PER CURIAM.
In April 2016, Harold Holt, an inmate in the state correctional system acting pro se, brought an action against the Limestone County Department of Human -Resourc.es (“the Limestone County DHR”), asserting that that agency had .unlawfully subjected him to a duty to pay child support with respect to. a child who had since reached adulthood but who, Holt said, was not his natural child; he sought an award of “ev *202 ery cent that [Limestone County DHR] ha[d] obtained” from him. In response to the filing of Holt’s complaint, an attorney representing the Limestone County DHR filed a notice of appearance and a motion to dismiss the complaint, asserting, among other things, that the Limestone County DHR is a state agency not subject to suit, that the relief sought by Holt was time-barred, that Holt’s complaint failed to state a cause of action under Alabama law, and that service of process was insufficient because Holt had failed to serve the head of the State Department of Human Resources and the attorney general. The motion to dismiss was electronically filed in the trial court on May 27, 2016, and bears the following certificate of service:
“I hereby certify that I have filed the foregoing document with the Clerk of Court using the Alabama Judicial System electronic filing system which will send notification of such filing to those parties of record who are registered for electronic filing, and I further certify that those parties of record who are not registered for electronic filing[] have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed.
“This the 27th day of May, 2016.
“[signature of counsel]”
Notably, Holt’s name and address were not listed in that certificate of service, although the second paragraph of Rule 5(d), Ala. R. Civ. P., requires that “[a] certificate of service shall list the names and addresses ... of all ... pro se parties upon whom the paper has been served.”
The case-action-summary sheet in the record indicates that on June 9, 2016, an order was rendered and entered by the trial court on the motion to dismiss. Although the text of that order is not contained in the record, a motion filed by Holt on June 20, 2016, requesting leave to file “additional pleadings” makes clear that that order had set the motion to dismiss for a hearing on June 28, 2016, at 11:45 a.m. In his motion of June 20, 2016, Holt specifically averred that the Limestone County DHR had “failed to provide [him] service of [the] motion” to dismiss or the grounds therefor and that, as a result, he was “being denied due process and being prejudiced because he [had no] idea of what [the] motion [to dismiss] consisted] of so that he [could] prepare to defend his lawsuit”; he requested, in effect, that the motion to dismiss be struck and that he be provided copies of filings made by the Limestone County DHR. On June 27, 2016, Holt sought to amend his complaint so as to seek costs of court and $100,000 in damages in addition to the recovery of child support he had previously paid, and, thereafter, he moved for an order requiring that he be transported so that he could appear at the hearing before the trial court.
On June 30, 2016, the trial court entered an order denying Holt’s motion for transport. On July 1, the trial court entered an order granting the motion to file additional pleadings, but it set aside that order by a separate order entered on the same day. Finally, on July 1, the trial court entered an order noting that it had held a hearing on the motion to dismiss on June 28; stating that counsel for the Limestone County DHR had appeared at that hearing but that Holt had not appeared in person or through counsel; and ruling that the motion to dismiss was due to be granted and that the case was dismissed with prejudice. Holt appealed to the Alabama Supreme Court; his appeal was transferred to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
The sole issue raised by Holt on appeal' concerns whether the trial court’s order *203 granting the motion to dismiss denied him due process because, he says, he was not served with that motion. The Limestone County DHR, while primarily arguing the substantive grounds asserted in its motion to dismiss, points to its reference in the motion’s certifícate of service to having served parties “not registered for electronic service” by first-class mail, to which Holt responds in his reply brief that that certificate does not specify his name and address.
In our relatively recent case of Morris v. Glenn, 154 So.3d 1055 (Ala. Civ. App. 2014), this court considered a similar due-process challenge to a judgment of dismissal entered notwithstanding the absence of a certificate of service in compliance with Rule 5, Ala. R. Civ. P.[1] In Morris, an attorney, who was the defendant in a legal-services-liability action filed by his former client, an inmate in the state correctional system, filed, among other things, two motions to dismiss the action, neither of which bore a certificate of service upon the inmate. After the trial court had granted the second of those motions, the inmate filed a post-judgment motion asserting that he had not been properly served with that motion to dismiss, but the trial court denied his postjudgment motion. On appeal, the inmate asserted that, because he had never received service of the second motion to dismiss, the trial court’s judgment was due to be reversed because it had been entered in a manner inconsistent with due-process principles. Our reasoning and our conclusion in that case are equally pertinent here:
“In Ex parte Weeks, 611 So.2d 259 (Ala. 1992), our supreme court explained:
“ ‘Procedural due process, as guaranteed by the Fourteenth Amendment to the United States Constitutioh and Article I, § 6, of the Alabama Constitution of 1901, broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and the opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the opposing party, with reasonable opportunity to controvert them.’
“611 So.2d at 261. The right to be heard and to present objections ‘has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.’ Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed.2d 865 (1950).
“To satisfy constitutional standards, notice must be ‘reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.’ Id. Notice must also be ‘of such nature as reasonably to convey the required information,’ and ‘it must afford a reasonable time for those interested to make their appearance.’ Id. Whether the notice be ‘ “that an action has commenced or that the moving party has added a new or additional claim for relief ..., the need for notice is the same.” ’ Austin v. Austin, [159 So.3d 753, 758] (Ala. Civ. App. 2013) (quoting Varnes v. Local 91, Glass Bottle Blowers Ass’n of United States & Canada, 674 F.2d 1365, 1368 (11th Cir. 1982)).
*204 “Service of written notice is ‘the classic form of notice’ and is ‘always adequate in any type of proceeding.’ Mullane, 339 U.S. at 313. Rule 5(a), Ala. R. Civ. P., provides that ‘every written motion other than one which may be heard ex parte, and every written notice, ... shall be served-upon each of the parties’ unless the rules provide otherwise. We note that Rule 5(d), Ala. R, Civ. P., requires a certificate of service to be included on ‘[a]ll papers after the complaint required to be served upon a party’ and that the ‘certificate of service shall list the names and addresses, including the e-mail addresses of registered electronic-filing-system users, if known, of all attorneys or pro se parties upon whom the paper has been served.’
“In Woodruff v. City of Tuscaloosa, 101 So.3d 749 (Ala. 2012), our supreme court stated:
“ ‘[D]ue-process requirements could prevent a trial court from ruling on a motion that had not been properly served in accordance with Rule 5, even though personal jurisdiction over the parties had been established. See, e.g., Neal v. Neal, 856 So.2d 766, 782 (Ala. 2002) (stating that a person already made a party to litigation could, “on some critical motion or for some critical proceeding within that litigation,” be deprived of the due process required by the Fourteenth Amendment to' the 'United States Constitution if he or she is not provided with “notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing”).’ ' " :
“101 So.3d at 752. Thus, the failure to serve a motion in accordance with Rule' 5 might result in a violation of an opposing party’s due-process rights and can render a judgment entered pursuant to the motion void. See Pirtek USA, LLC v. Whitehead, 51 So.3d 291, 295 (Ala. 2010) (quoting Orix Fin. Servs., Inc. v. Murphy, 9 So.3d 1241, 1244 (Ala. 2008), quoting in turn Ins. Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala. 1991)) (‘ “ ‘A judgment is void ... if the court rendering it .... acted-in a manner inconsistent with due process.’ ” ’).
“Our ■ supreme court has recognized that the failure to serve a motion or other paper in compliance with Rule 5(a) will not always result in a due-process violation. See Woodruff, 101 So.3d at 752-53 (holding that the trial court did not violate due process in considering the defendant’s motion to dismiss because the defendant had corrected its error in not serving its motion to dismiss on the plaintiff and because the plaintiff had received adequate time to consider and respond to the arguments made in the motion). But, in this' case, we hold that [the inmate] has been deprived of due process.
“The trial court considered [the attorney's May 10, 2013, motion to dismiss without any notice being provided to [the inmate], and it dismissed the action on the ground alleged in [the atto'rney]’s motion without affording [the inmate] an opportunity to respond. Because [the attorney^ May. 10 motion had not been properly served in accordance with Rule 5 and because the record does not indicate that [the inmate] was provided with notice of [the attorney]’s motion, principles of due process required the trial court to refrain from ruling on the motion. We conclude that the judgment dismissing the action is void because it is inconsistent with due process. See Pirtek USA, LLC, supra.
“[The inmate]’s claim might lack merit, but the process followed in this case does not permit the claim to be dis *205 missed under the existing circumstances. We, therefore, reverse the trial court’s judgment and remand the cause to the trial court.”
154 So.3d at 1057-59.
The record in this case indicates a similar denial of proper service of a motion to dismiss and of an absence of meaningful notice of the grounds stated in a defendant’s motion. Although the record in this case indicates that the Limestone County DHR’s motion to dismiss differed from the motions to dismiss filed in Morris because the Limestone County DHR did include some form of certificate of service, that certificate did not comply with Rule 5(d), Ala. R. Civ. P., which, as we noted in Morris, mandates that a party who files any paper after the initial complaint must specifically identify the intended recipients of service of that paper by listing each recipient’s name and address in the required certificate of service. Here, the Limestone County DHR’s assertion that it did serve Holt despite not having listed him in the certificate of service was refuted by Holt’s June 20, 2016, filing in which he denied receipt of the motion to dismiss and asserted a denial of due process thereby even though he acknowledged in that filing that he had received notice from the trial court that that court had scheduled a hearing on that motion. Notwithstanding Holt’s incarcerated status; his assertions in his June 20, 2016, filing that he had no effective means of countering the stated grounds for dismissal without being provided a copy of the motion that had asserted them; and the absence of any other filing on Holt’s part making a substantive response to the grounds asserted by the Limestone County DHR in its motion to dismiss, the trial court entered an order dismissing the complaint “with prejudice,” which amounts to an adjudication on the merits so as to bar Holt from ever maintaining his claim, see Calhoun v. Pennsylvania Nat’l Mut. Cas. Ins. Co., 676 So.2d 1332, 1334 (Ala. Civ. App. 1996). Under the circumstances of this case, we conclude that our holding in Morris with regard to due process precludes our affirmance of the trial court’s judgment of dismissal.
Based upon the foregoing facts and authorities, the judgment of dismissal with prejudice entered by the trial court in favor of the Limestone County DHR is reversed, and the cause is remanded with instructions that Holt be effectively served with a copy of the motion to dismiss and be afforded an opportunity to respond to the substantive and procedural arguments asserted by the Limestone County DHR in that motion. Our reversal in no way should be interpreted as commenting upon the merits of the Limestone County DHR’s grounds for seeking dismissal of the complaint in this case, nor as stating any view of the potential availability to Holt of any bases upon which he may properly seek to resist that motion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.

. Holt’s invocation of Rule 25, Ala. R. App. P., in support of his argument is unavailing because the Rules of Appellate Procedure do not apply to courts other than this court, our supreme court, and the Court of Criminal Appeals (see Rule 1, Ala. R. App. P.).